(September 18, 1912.)

## STATE, Respondent, v. W. H. ADAMS, Appellant.

### [126 Pac. 401.]

LOCAL OPTION LAW—UNLAWFUL POSSESSION OF INTOXICATING LIQUOR—
POSSESSION PRIMA FACIE EVIDENCE OF UNLAWFUL PURPOSE.

(Syllabus by the court.)

1. In a prosecution for maintaining a common nuisance by keeping intoxicating liquors in a prohibition district at any place other than a private dwelling-house, the possession of such liquors by one not having a lawful authority to sell or dispose of the same is *prima facie* evidence that such liquors are kept for sale or disposition in violation of law, and the proof of such possession at any place other than in a private dwelling-house shifts the burden of proof to the defendant to show that his possession was lawful.

2. An instruction which tells the jury that, "If, therefore, you should find from the evidence in this case, beyond a reasonable doubt, that intoxicating liquors were found at the place of business of the above-named defendant as alleged in the complaint, the burden of proof is on the defendant to prove that such intoxicating liquors were kept and used for a lawful purpose, and in the absence of any such proof on the part of the defendant showing that such intoxicating liquors, if any liquor was found at his place of business, was kept and used for a lawful purpose, then, in that event, you should find the defendant guilty," is erroneous, and prejudicial to a defendant, in that it takes from the jury the right to consider and weigh the evidence for themselves and determine its credibility and the circumstances involved in the case and accompanying the possession of such intoxicating liquor.

3. Where a statute, such as sec. 3, chap. 15, of the 1911 Session Laws (1911 Sess. Laws, p. 32), provides that when the possession of intoxicating liquors is shown, such fact is "*prima facie* evidence that such intoxicating liquors are kept for sale," the statute means that such *prima facie* presumption or *prima facie* evidence is sufficient to go to the jury to prove such facts, and that such possession will be sufficient to support a verdict on that particular fact; but it does not mean that such evidence is conclusive and binding upon the jury, and that it is their duty to bring in a verdict against the defendant where such a *prima facie* case only is made, and

it is error to instruct a jury that under such circumstances they should bring in a verdict of guilty.

4. A statute providing that the proof of a certain fact shall constitute *prima facie* evidence of the existence of a certain other fact, merely shifts the burden of proof onto the adverse party, and, in the absence of proof to the contrary, leaves the presumption both of fact and law against such party.

APPEAL from the District Court of the Ninth Judicial District for Fremont County. Hon. James G. Gwinn, Judge.

Prosecution for maintaining a nuisance in keeping liquors for sale or disposal at defendant's place of business in a prohibition district. Verdict and judgment of conviction. Defendant appealed. *Reversed.*

N. D. Jackson, for Appellant.

The charge as given takes from the jury the right to determine whether the liquor was kept for the purpose of sale; it reads into the act the word "conclusive" where the words *"prima facie"* are found. (*State v. Liquors, etc.,* 80 Me. 57, 12 Atl. 795; *Bailey v. State,* 161 Ala. 75, 49 So. 886; *Chaffee v. U. S.,* 18 Wall. (U. S.) 516, 21 L. ed. 908; *Jones v. State,* 51 Ohio St. 331, 38 N. E. 79.)

D. C. McDougall, Attorney General, O. M. Van Duyn and J. H. Peterson, Assistants, for Respondent, file no brief.

AILSHIE, J.—This appeal involves the correctness of an instruction given by the court on the request of the state. The prosecution is had under what is called the search and seizure amendment to the local option law, secs. 2 and 3, chap. 15, of the 1911 Session Laws (1911 Sess. Laws, p. 32). In the first part of the instruction, the court gave to the jury the substance of secs. 2 and 3 of the local option law, and advised them that the statute provided that finding intoxicating liquors in the possession of a person at a place other than a private dwelling-house shall be deemed sufficient to authorize a verdict of conviction for such offense in the ab-

sence of evidence showing that such liquors were in the possession of the person for a lawful purpose, and the instruction closed with the following sentence: "If, therefore, you should find from the evidence in this case, beyond a reasonable doubt, that intoxicating liquors were found at the place of business of the above-named defendant as alleged in the complaint, the burden of proof is on the defendant to prove that such intoxicating liquors were kept and used for a lawful purpose, and in the absence of any such proof on the part of the defendant showing that such intoxicating liquors, if any liquor was found at his place of business, was kept and used for a lawful purpose, then, in that event, you should find the defendant guilty."

It is contended by the appellant that this instruction was clearly erroneous, and invaded the province of the jury in telling them it was their duty to find the defendant guilty if they concluded beyond a reasonable doubt that intoxicating liquors were found at the place of business of the defendant as alleged in the information. This instruction was clearly erroneous. Where a statute provides that upon a certain fact being shown, certain other presumptions of law arise, or, where, as in this case, when one fact is shown, namely, the possession of the intoxicating liquors, that such fact is *"prima facie* evidence that such intoxicating liquors are kept for sale,"* etc., the statute means that such *prima facie* presumption or *prima facie* evidence is sufficient to go to a jury to prove such fact, and that it will be sufficient to support a verdict. It does not mean, however, and so far as we are aware has never been so held by any of the courts, that it is the duty of a jury to take such *prima facie* evidence or presumption as *conclusive* and that they must render a verdict accordingly. Such statutes are enacted for the purpose of shifting the burden of proof; but, if the adverse party does not see fit or deem it necessary to rebut the presumption in any given case, he may have the matter submitted to the jury, and they must be given the right and privilege of exercising their judgment as jurors upon the weight, sufficiency and credibility of the evidence and the attendant circum-

stances of the case. A court is not justified in telling the jury that it is their duty to convict simply because a *prima facie* presumption arises, or that the proof of one fact is made by the statute *prima facie* evidence of the existence of another essential fact.

This question was considered by the supreme court of Maine in *State v. Liquors and Vessels,* 8 Me. 57, 12 Atl. 794, in a case where the statute declared "that payment of the United States special tax as a liquor seller shall be held to be *prima facie* evidence that the one paying the tax is a common seller of intoxicating liquors." The court, in considering the matter, asked the following pertinent questions: "What is the meaning of this provision? Does it impose upon the court the duty of instructing the jury as matter of law that proof of such payment will make it their duty to find the defendant guilty, whether they believe him to be so or not?" and answered the questions as follows:

"It is a sufficient answer to say that a jury cannot be so instructed in any criminal case. The right of trial by jury is guaranteed by the constitution, and it is not within the province of the legislature to enact a law which will destroy or materially impair the right. The very essence of 'trial by jury' is the right of each juror to weigh the evidence for himself, and, in the exercise of his own reasoning faculties, determine whether or not the facts involved in the issue are proved. And if this right is taken from the juror, if he is not allowed to weigh the evidence for himself, is not allowed to use his own reasoning faculties, but, on the contrary, is obliged to accept the evidence at the weight which others have affixed to it, and to return and affirm a verdict which he does not believe to be true, or of the truth of which he has reasonable doubts, then, very clearly, the substance, the very essence, of 'trial by jury' will be taken away, and its form only will remain."

The supreme court of the United States, speaking through Mr. Justice Field, in *Chaffee v. United States,* 18 Wall. 516, held to the same effect.

The other instructions given by the court fairly express the law of the case, but the giving of correct instructions did not cure an error of the character above considered.

For the foregoing reason, the judgment must be reversed, and it is so ordered, and a new trial is hereby granted.

Stewart, C. J., and Sullivan, J., concur.