FIGHTMASTER, AN INFANT, *v.* MODE, D. B. A. LEO S. MODE & CO.

(Decided March 19, 1928.)

Mr. *Alfred Pfau,* for plaintiff in error.
Mr. *August A. Rendigs, Jr.,* and Mr. *Edward Lee Meyer,* for defendant in error.

MILLS, J. Plaintiff, Claude Fightmaster, an infant 13 years of age, suing through his mother as next friend, alleged that on May 5, 1925, he was injured by an automobile truck negligently driven by a servant of the defendant.

In addition to minor injuries, plaintiff suffered the loss of his right foot and ankle.

The accident took place within the corporate limits of the city of Cincinnati, at a point on Freeman avenue, a public thoroughfare, at or near its intersection with Poplar street. The petition alleged that Freeman avenue at said point was in the business or closely built-up portion of the city.

The specifications of negligence were: (1) That the truck was being driven at a rate of speed that was excessive and greater than 25 miles an hour, and in violation of a certain ordinance of the city of Cincinnati, which was pleaded; (2) that the driver of the truck failed to keep a proper lookout for children; and (3) that the driver failed to bring his truck to a stop in time to avoid injury to the plain-

tiff, after he saw, or could and should have seen, the dangerous position of the plaintiff.

The defendant, in addition to a general denial, pleaded the following defenses: (1) The sole negligence of the plaintiff in crossing Freeman avenue without looking and listening, and in crossing said avenue in a diagonal direction, at a point not regularly designated as a crossing, contrary to the statutes of Ohio, and contrary to the provisions of Sections 680-101 and 680-102 of the Municipal Ordinances of the City of Cincinnati, in hopping off of an ice truck which was immediately preceding the truck of this defendant, and in running directly in the path of this defendant's truck; and (2) the contributory negligence of the plaintiff in doing the things set forth in defendant's allegations concerning plaintiff's sole negligence.

The provisions of the two sections of the municipal ordinance were not set forth, other than by reference to their numbers. Near the close of defendant's testimony, the defendant introduced Ordinance No. 680-102 in evidence, and inserted it by interlineation in his answer, both over the objection of the plaintiff, who noted his exceptions.

The plaintiff, in his reply, denied all negligence on his own part, and alleged that, regardless of any negligence on his part, the proximate cause of his injuries was the negligence of the defendant.

The verdict and judgment were in favor of the defendant, and the plaintiff prosecutes error.

It is claimed that the verdict is against the weight of the evidence; that the trial court erred in rejecting certain evidence, in admitting Ordinance No. 680-102 in evidence, and in giving certain instructions to the jury.

There was testimony tending to show that the accident happened at 4 p. m. on a warm dry day; that the street was dry; that the truck was equipped with a "regular furniture body with a cloth top covering," and was practically empty.

Plaintiff's only expert witness as to the use and control of an automobile was a man who had been a truck driver for 13 years, and had for 3 years driven so-called 1½-ton trucks of the same make as the 1½-ton truck which injured the plaintiff. The latter truck, however, was a "1924 model," whereas the witness had driven only a "1917 model" and a "1923 model." He testified that Freeman avenue at the place where the accident occurred ran slightly down grade in the direction in which defendant's truck had been moving at the time of the accident; that he had driven a truck over the street in that direction at that place; and that he was well acquainted with the surface of the street at that point, which he described as granite block with cemented joints.

This witness was asked by plaintiff:

"Q. * * * What would you say as to the speed of a 1924 model 4-cylinder GMC truck being driven southwardly on Freeman Avenue about its intersection with Poplar street on a granite pavement, on a dry, warm day, if that truck skidded forty feet after the brakes were applied?"

This question was objected to by the defendant, and the witness was not permitted to answer it. The plaintiff reserved an exception to the ruling, but did not state what answer he claimed the witness would have given, if permitted. In the absence of such an avowal it is impossible to determine whether

the ruling was prejudicial to the plaintiff or not. 1 Wigmore on Evidence (2d Ed.), Section 20; *Neff* v. *City of Cincinnati,* 32 Ohio St., 215; *Bean* v. *Green,* 33 Ohio St., 444; *Smethurst* v. *Proprietors of Congregational Church,* 148 Mass., 261, 19 N. E., 387, 2 L. R. A., 695, 12 Am. St. Rep., 550.

In *Bean* v. *Green, supra,* the sixth proposition of the syllabus reads:

"Where a question put to a witness on the trial is excluded by the court as incompetent, to make such rejection a valid ground for error it must appear in the record what was proposed to be proved thereby, and that it was something material, the rejection of which would be prejudicial to the plaintiff in error."

This same witness was asked to say within what distance a 1924 model truck of the make in question, "with an added top for furniture, and practically empty," could be stopped after the first application of the brakes, when driven at the rate of 25 miles an hour down Freeman avenue at the place where the accident occurred. The question was objected to, on the ground that the witness was not qualified as an expert. Before the court had ruled on the objection, the witness answered, "Fifteen feet". On motion of the defendant, both question and answer were ruled out. Opinion evidence is not restricted to the opinion of the one person best qualified to give such opinion, nor even to one of the very few persons best qualified. *Denver* v. *Atchison, T. & S. F. Ry. Co.,* 96 Kan., 154, 150 Pac., 562, Ann. Cas., 1917A, 1007; *Pridgen* v. *Gibson,* 194 N. C., 289, 139 S. E., 443, 54 A. L. R., 855. The qualification of this witness depended upon his possession of special knowledge,

that he could impart to the jury, and that would assist the jury, in regard to a pertinent matter as to which the jury was presumed not to be so competent as was the witness to draw the proper conclusions from the facts proven. *Ohio & Indiana Torpedo Co.* v. *Fishburn,* 61 Ohio St., 608, 56 N. E., 457, 76 Am. St. Rep., 437; *Miller* v. *State,* 9 Okla. Cr. Rep., 255, 131 Pac., 717, L. R. A., 1915A, 1088; 11 Ruling Case Law, 574, and cases cited. We hold that the witness was qualified to answer, and that his testimony should not have been rejected. The trial court's ruling to the contrary was manifestly against the weight of the evidence as to the qualifications of this witness, and constituted an abuse of discretion. *Muskegat Island Club* v. *Inhabitants of Nantucket,* 185 Mass., 303, 70 N. E., 61; *Peck* v. *N. Y. Cent. & H. R. Rd. Co.,* 165 N. Y., 347, 59 N. E., 206. See also *Farrell* v. *Minneapolis & Rainy River Ry. Co.,* 121 Minn., 357, 141 N. W., 491, 45 L. R. A. (N. S.), 215.

There was evidence that immediately before the accident the plaintiff had been riding on the rear end of an ice truck; that he had jumped down from the truck to the street; and that he had then run or walked diagonally toward the curb and into the path of the defendant's truck.

In his general charge to the jury, the trial court said:

"I charge that if you find from the evidence by a preponderance thereof that the defendant's driver of this truck was negligent and you further find by a preponderance of the evidence that the plaintiff was guilty of contributory negligence which contributed in the slightest degree to his injuries, and that

such contributory negligence was a direct and proximate cause of his injuries, then your verdict must be for the defendant.''

Plaintiff complains of the use of the words ''in the slightest degree;'' but in *Chesrown* v. *Bevier*, 101 Ohio St., 282, at page 284, 128 N. E., 94, it is said that, while the words ''any degree'' are to be preferred, the use of the words ''slightest degree'' is not erroneous.

The trial court gave the following special instructions to the jury:

''Special charge No. 3.

''I charge you that Section 6310-36, of the General Code of Ohio, which was the law at the time this accident happened, reads as follows: 'Pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching.'

''I further charge you that Section 680-102 of the municipal ordinances of the city of Cincinnati, which was in force and effect at the time this accident happened, reads as follows: 'Pedestrians shall not cross streets or highways except at regularly designated crossings, and then at right angles only.' ''

''Special charge No. 5.

''I charge you that a violation of a municipal ordinance of the city of Cincinnati or of a state statute of the State of Ohio, passed for the protection of the public, is negligence *per se*.''

It is claimed by the defendant that these two special charges are correct, under the rule laid down in the case of *Schell* v. *Du Bois*, 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, in which the syllabus of the court reads as follows:

"1. The violation of a statute passed for the protection of the public is negligence *per se,* and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable.

"2. The violation of a municipal ordinance passed in the proper exercise of the police power in the interest of the public safety, and not in conflict with general laws, is negligence *per se,* and where such act of negligence by a defendant is the direct and proximate cause of an injury, not directly contributed to by the want of due care on the part of the injured person, the defendant is liable."

But the rule in *Schell* v. *Du Bois,* quoted above, seems to us inapplicable to the instant case, in view of the rule laid down by our Supreme Court fixing the standard of ordinary care for children injured by the negligence of others.

In the case of *Rolling-Mill Co.* v. *Corrigan,* 46 Ohio St., 283, 20 N. E., 466, 15 Am St. Rep., 596, the first proposition of the syllabus of the court reads:

"1. In the application of the doctrine of contributory negligence to children, in actions by them, or in their behalf, for injuries occasioned by the negligence of others, their conduct should not be judged by the same rule which governs that of adults; and while it is their duty to exercise ordinary care to avoid the injuries of which they complain, ordinary care for them, is that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise under similar circumstances."

In *Lake Erie & W. Rd. Co.* v. *Mackey,* 53 Ohio St.,

370, 41 N. E., 980, 29 L. R. A., 757, 53 Am. St. Rep., 641, the third proposition of the syllabus reads, in part:

"3. A child of nine years of age is not guilty of negligence if he exercises that degree of care which under like circumstances would reasonably be expected from one of his years and intelligence. Whether he used such care in a particular case is a question for the jury."

In *Cleveland, C., C. & St. L. Ry. Co.* v. *Grambo, Admr.,* 103 Ohio St., 471, 134 N. E., 648, 20 A. L. R., 1214, the first proposition of the syllabus is:

"1. Children are not chargeable with the same care as persons of mature years. Although children are required to exercise ordinary care to avoid the injuries of which they complain, such care, as applied to them, is that degree of care which children of the same age, education and experience, of ordinary care and prudence, are accustomed to exercise under similar circumstances."

The plaintiff in this case is a 13 year old boy, who was run over and injured by the defendant's truck. The defendant sets up as a defense the claim that, even if the driver of the truck was negligent, the plaintiff cannot recover damages for his injuries because a contributing cause of those injuries was the violation by the plaintiff of a state statute or municipal ordinance passed for the protection of the public. Specifically it is claimed that the plaintiff crossed a public street diagonally and not at a regular designated crossing; and that he stepped into or upon the street without looking in both directions to see what was approaching.

Our Supreme Court has set a standard of care

for adults by stating the rule of law that the violation of a statute passed for the protection of the public is negligence *per se,* and that the violation of a municipal ordinance passed in the proper exercise of the police power in the interest of public safety is negligence *per se.*

"When evidence of negligence is only *prima facie,* it is subject to rebuttal, but, when there is negligence *per se,* it is conclusive of that question." *Whaley* v. *Ostendorff,* 90 S. C., 281, 73 S. E., 186.

"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. The essence of the fault may lie in omission or commission." Mr. Justice Swayne, in *Baltimore & P. Rd. Co.* v. *Jones,* 95 U. S., 439, 441, 24 L. Ed., 506.

To say that every child that acts otherwise than as a "reasonable and prudent person" shall do so at his peril seems on the face of it to declare against the dictates of common sense, reason, and humanity. To so hold would be to require from a 13 year old child, and from a 3 year old child, as well, the exercise of the same measure of care required from a mature man of average and reasonable prudence. Such a rule of law would be harsh, unjust, and unworkable, and would set aside the humane and salutary rule laid down in the line of cases beginning with *Rolling-Mill Co.* v. *Corrigan, supra.*

It is estimated that, regardless of the rule in *Schell* v. *Du Bois,* it is contributory negligence as a matter of law for a boy 13 years old to do any of the things prohibited or to fail to do any of the things

required, by either the statute or the ordinance above referred to. We do not agree with this proposition. We think that reasonable men might well differ as to whether a boy 13 years old, of ordinary care and prudence, should have the intelligence, experience, and discretion to govern his actions at all times in conformity to the standard of care required by the statute and the ordinance above referred to. *Cameron* v. *Miller,* 43 S. D., 429, 436, 180 N. W., 71. In the present state of the record this question should be left to the jury. *Cleveland, C. & C. Ry. Co.* v. *Crawford's Admr.,* 24 Ohio St., 631, 15 Am. Rep., 633; *Marietta & Cincinnati Rd. Co.* v. *Picksley,* 24 Ohio St., 654, and *Cincinnati Street Ry. Co.* v. *Wright's Admr.,* 54 Ohio St., 181, 43 N. E., 688, 32 L. R. A., 340.

In the absence of evidence on the subject of his intelligence, the 13 year old plaintiff herein should be held to that degree of intelligence common to persons of his age, and to that degree of care which under like circumstances would reasonably be expected from one of his years. *Rolling-Mill Co.* v. *Corrigan, supra; Cincinnati Street Ry. Co.* v. *Wright, supra; Cleveland, C., C. & St. L. Ry. Co.* v. *Grambo, supra.*

While the trial court properly permitted the defendant to plead the ordinance and put it in evidence, we hold that it was error to charge the jury that violation of the ordinance, or of the statute, would constitute negligence *per se.* We hold the law to be that it was for the jury in this case to determine, as a question of fact, whether violation of the ordinance or of the statute by the plaintiff would constitute negligence—his age, education, experience

and intelligence considered. *Cleveland, C., C. & St. L. Ry. Co.* v. *Grambo, supra.*

It was also error to charge the jury that they would not be warranted in finding that the defendant had violated Ordinance No. 680-102 unless his truck was traveling at a speed greater than 25 miles an hour. There was evidence from which the jury might find that a speed less than 25 miles an hour was not reasonable or proper under the circumstances of this case. Plaintiff complains of the refusal of the trial court to give the following special charge, requested by the plaintiff:

"If you find by preponderance of the evidence that the place at which the plaintiff, Claude Fightmaster, was injured was in the business or closely built up section of the municipality of Cincinnati, I charge you that a speed greater than fifteen miles an hour would be presumptive evidence of a rate of speed greater than is reasonable and proper, and that such a rate of speed would be negligence in itself."

Section 12603 of the General Code of Ohio reads as follows:

"Whoever operates a motor vehicle in and upon the public roads or highways at a speed greater than is reasonable and proper having regard for the width, traffic, use and the general and usual rules of such road or highway, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided. A rate of speed greater than fifteen miles an hour in the business or closely built-up portions of a municipal corporation or more than twenty-five miles an hour in other portions thereof, or more than thirty-five miles an

hour outside of a municipal corporation, shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper.''

Ordinance 680-103 of the city of Cincinnati, which was pleaded and put in evidence by the plaintiff, reads as follows:

''(1) No owner or operator of any vehicle shall drive, operate, or move, or permit the same to be driven, operated or moved upon any street, alley or parkway of the City of Cincinnati at a speed greater than is reasonable and proper having regard for the width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the life, limb or property of any person. A rate of speed greater than fifteen (15) miles an hour in the business or closely built up section of the municipality, or more than twenty-five (25) miles an hour in other portions thereof, shall be presumptive evidence of a rate of speed greater than is reasonable and proper.''

There was evidence tending to show that the place where plaintiff was injured was within a business or closely built-up portion of Cincinnati; but the record does not show what is meant in the ordinance by ''the business or closely built-up section,'' nor whether the place was in that section. However, if we assume that the place in question answered both descriptions, the charge was improper because the negligence *per se* rule of *Schell* v. *Du Bois* applies only to the violation of a statute or ordinance. A speed of 15 miles an hour is not of itself a violation of either the statute or the ordinance; but only ''*prima facie* evidence'' of a violation of the

statute, and "presumptive evidence" of violation of the ordinance.

*Prima facie* evidence of a fact is such as by judgment of law is sufficient, if not rebutted, to establish that fact. *Kelly* v. *Jackson,* 6 Pet. (31 U..S.), 622, 631, 8 L. Ed., 523; *State* v. *Mitchell,* 119 N. C., 784, 785, 25 S. E., 783, 1020; *State* v. *Adams,* 22 Idaho, 485, 126 P., 401; *People* v. *Deluce,* 237 Ill., 541, 547, 86 N. E., 1080.

Presumptive evidence has been variously defined —sometimes to mean circumstantial evidence, and sometimes to mean *prima facie* evidence, but never to mean conclusive evidence. *State* v. *Mun,* 76 Mont., 278, 246 P., 257, citing 1 Wigmore on Evidence (2d Ed.), Section 25, and Bouvier's Law Dictionary, volume 1, page 1092; *Ezzard* v. *United States* (C. C. A.), 7 F. (2d), 808; *State* v. *Kornstett,* 62 Kan., 221, 228, 61 P., 805; *Davis* v. *Curry,* 5 Ky. (2 Bibb), 238, 239; *State* v. *Intoxicating Liquors,* 80 Me., 57, 61, 12 A., 794.

By presumptive evidence the ordinance under consideration here means *prima facie* evidence. But evidence of guilt is not guilt; neither *prima facie* nor presumptive evidence of excessive speed is conclusive proof of such speed. The charge was properly refused.

We are of opinion that the verdict is against the weight of the evidence, and that the judgment should be reversed on that ground. The record shows that the Fightmaster boy was exercising due care, measured by his years and experience. On the other hand, the defendant's automobile had been, for several hundred feet, trailing the ice truck, upon the rear of which, in plain view, clung the

Fightmaster boy and another boy. It was the duty of the driver of the defendant's automobile to see the two boys, to observe their evident immaturity, to appreciate their position, and to exercise appropriate care for their safety with realization that at some inopportune moment one of them might fall, or ,with childish indiscretion jump from the ice truck to the street. 20 Ruling Case Law, 37, title "Negligence," Section 32 and cases cited; 8 L. R. A., 842, note; 1 Berry on Automobiles (6 ed.), Section 518, and cases cited.

For the errors aforesaid appearing in the record, the judgment of the court of common pleas will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.