[L. A. No. 10238. In Bank.—March 9, 1929.]

MAUD E. SALVETER, Appellant, v. HARRY D. SALVETER, Respondent.

Hugh A. McNary and Carroll Searle for Appellant.

Taylor & Forgy for Respondent.

RICHARDS, J.—This is an appeal by plaintiff from that portion of the interlocutory decree in an action for divorce which purported to declare certain property of the spouses to be community property and to make certain dispositions thereof accordingly. The property consisted of a house and lot in the city of Pasadena, called the "home place," where the parties had for some years resided, and of a ninety-nine year lease upon certain business property in the city of Los Angeles known as the "market property." Each of these properties had for several years prior to the institution of the action for divorce been in course of acquisition by payments therefor upon installments, and this appears still to be the status of these properties. In her complaint for divorce upon the ground of cruelty the plaintiff does not mention these properties for a reason which later in the course of the pleadings appears. The defendant in his answer to the complaint also omits mention of these properties, but in a cross-complaint, also setting forth a ground of divorce based upon the alleged cruelty of the plaintiff, the defendant refers to said properties as having been conveyed by him to his said wife some years previously for the better protection of the family, but with the intention that they should remain community property, and in the prayer to his cross-complaint he asks the trial court to so declare. It was stipulated that the aforesaid averments of the cross-complaint should be deemed denied by plaintiff. The cause came on for trial upon the issues as thus framed. Upon the

question of divorce the trial court's decision was in the plaintiff's favor on her complaint and against the defendant upon his cross-complaint. Upon the issue of the status of the aforesaid properties the trial court found the same to be the community property of the parties to the action. From the record presented upon this appeal it appears that upon the trial of the cause there was introduced in evidence two transfers in writing of the aforesaid properties, executed by the defendant to the plaintiff, in each of which it was recited that the property transferred by each of these was to be "the sole and separate property" of the wife. The husband, who was the grantor in these conveyances, however, testified that at the time of making the same he was engaged in the endeavor to keep up the payments upon these properties; that he was involved in debt and was fearful of losing his interest in said properties and of thus leaving his family without protection or support, and that solely for the protection of his family, and of the mutual interest of himself and his wife in said properties, and with the full understanding that the same would be taken and held by her as their community property, and without other consideration or intent he had made the transfers thereof above referred to. The plaintiff did not take the witness-stand to contradict the defendant's aforesaid testimony, but rested her claim to said properties as her sole and separate property upon said trial, as she now does upon this appeal, solely upon the recitals in said transfers thereof. The trial court evidently believed the husband's uncontradicted testimony as to the circumstances under which such transfers were made and found accordingly that the averments of the defendant's cross-complaint to the foregoing effect were true and that said properties, and each of them, were community property and were thereafter to be held under the control of the plaintiff as such, but subject to such further orders as the court, retaining full jurisdiction thereover, might thereafter make upon the application of either of the parties to the action. The interlocutory judgment followed the findings of the trial court in the foregoing regard, and it is from that portion thereof that the plaintiff is prosecuting the present appeal. The respondent has filed no brief herein, alleging in a letter from his counsel his inability by reason of poverty to provide counsel fees or costs for the purpose of so

660

doing. We are, however, satisfied from the brief which the appellant has filed herein and from such further investigation as we have been able, otherwise unaided, to make of this case, that the portion of the interlocutory judgment and order of the trial court herein appealed from should be affirmed. ■ In an action for divorce between two discordant spouses the trial court, upon proper averments and under the express provisions of those sections of the Civil Code (secs. 82–148), regulating actions for divorce, is invested with full power to determine the status of the property of both or each of the spouses, regardless of the name of either in which the title to such property stands, and the recitals of whatever transfers there may have been between such spouses regarding such properties or in transfers thereof to the one or other of them, are merely *prima facie* evidence of ownership, and raise only disputable presumptions as to whether such properties are the separate or community property of the parties to such transfers. (*Hamilton* v. *Hubbard,* 134 Cal. 603 [65 Pac. 321, 66 Pac. 860], and cases cited; *Alferitz* v. *Arrivillaga,* 143 Cal. 646 [77 Pac. 657].) ■ The uncontradicted evidence of the husband herein as to what was the real understanding and intent of the parties in the making and receiving of such transfers would, however, if believed by the trial court, be sufficient to overcome this presumption, and since the same was believed by the trial court, and since its finding to the effect that such properties constituted the community property of the parties to this action, and its interlocutory decree in dealing with such properties was based upon its foregoing finding of fact, it follows that its judgment to that effect will not be disturbed upon this appeal.

The judgment is affirmed.

Shenk, J., Preston, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.