240 P.2d 487

BOWMAN v. BOWMAN.

No. 7718.

Supreme Court of Idaho.

Jan. 29, 1952.

Vernon K. Smith, Boise, for respondent.

Charles F. Reddoch, Boise, for appellant.

GIVENS, Chief Justice.

Appellant sued respondent for divorce, alleging cruelty and that the house and lot

here in controversy were her separate, not community, property.

Respondent, by answer and cross complaint, denied the acts of cruelty, counter charged and detailed the acquisition of the property in question, alleged it was community property, and asked for a divorce.

Appellant recountered with new charges of cruelty, and joined issue as to the status of the property by answer to the cross-complaint.

Findings of fact and conclusions of law were waived as to the divorce, but not as to the status of the property. The court granted the divorce and found the house and lot were community property, and divided it equally. The wife appeals from that portion of the decree, assigning as error the insufficiency of the evidence to support such determination of the status of the property.

The showing, in substance, in support of appellant's contention consists of a deed from Bales and wife, November 24, 1922, for the recited consideration of $2450 to Joe Westenberg, then 18 years of age, appellant's son by a marriage prior to that between appellant and respondent, and testimony by appellant—Joe Westenberg being deceased at the time of the trial—that while the parties were living at Oakley: " * * * Joey and myself got the money raked up to come to Boise and make a down payment on the place, * * *" and with his funds paid $800 in cash and he gave a mortgage for the balance of

$1650, which was later paid by Joe; and a deed from Joe Westenberg, February 19, 1924, transferring said property to her for love and affection as her "sole and separate property and estate * * * and the rents and profits thereof to be applied to her sole and separate use."

Declaration of homestead was filed the same day on the premises by appellant, describing herself as a married woman, wife of Merle Bowman, respondent, without any recitation therein as to whether it was community or separate property. The property thereafter was mortgaged at different times by appellant and respondent.

Section 4656 of the Compiled Statutes in effect at the time of the transfer from Joe to his mother, as applicable to a married woman, has been joined with what was Section 4659 and now appears as Section 32-903, Idaho Code. The deed from Joe to his mother is in accordance with these Sections of the statute and the recitals have been considered prima facie, but not conclusive, proof of the status of the acquired estate. 126 Am.St.Rep. 124.

■ The presumption that all property acquired during marriage is presumed to be community property regardless in whose name the title is taken, if considered, does not persist as against a deed containing terms expressly complying with Section 32-903, I.C. Janes v. Gulf Production Co., Tex.Civ.App., 15 S.W.2d 1102 at 1109.

John Bowman, a cousin of respondent, testified appellant asked him to contact the

owner and see if the property could be purchased in 1922 and asked him to "hold it (the property or its purchase) up for two or three days until I can go back (Oakley) and see Merle (respondent) and get the money." Then appellant came back and they made the deal; that she did not tell him she got the money, but she was going to Oakley to see him (Merle, respondent) to get the money.

Respondent testified with regard to the payment for this property as follows:

"Q. Would you state whether or not you furnished the money with which to make the original down payment on that property? A. Yes. sir.

"Q. How much did you furnish? A. All together about $1,900.00.

"Q. Now, at that time—A. The first time, about $1,900.00.

"Q. Where did you give that to Mrs. Bowman? A. She got over $400.00 the first time and around $1,500.00 the last time, about four days later.

"Q. Where was that? A. Oakley, Idaho.

"Q. Was that after she had been up here talking to Mr. Bowman? A. She came over here and made the deal and paid down. she said she paid $200.00 down, and she came back for the rest of the money, and I gave her nearly $1,500.00 more, and when she came back she said she had made a $850.00 payment all together."

There was sharply contradictory evidence by the parties and their relatives to the effect Joe, at the time he purchased the property and transferred it to his mother, was, though small in stature, hard-working and industrious; and contra, that he only had intermittent and rather inconsequential jobs; likewise, that respondent was indolent and didn't care for his family; had no regular work, except gambling, and made little money to contribute for their necessities; that appellant largely, if not entirely, supported herself and the two boys; that respondent was indifferent to them and their welfare, etc., exhaustively denied by him.

Appellant contends there was no satisfactory tracing of the money, which respondent claimed he contributed for the purchase of the house and lot, and it would have been unnecessary and, therefore, inconsistent, if he had supplied the amounts claimed, for Joe to have given the mortgage.

Without elaborating upon the voluminous testimony with regard to the varied activities of appellant and respondent, support and lack of support by respondent, charges and counter charges of indolence, industry, conduct and shortcomings, suffice it to say they presented a situation which was peculiarly for solution and ultimate determination by the trial court. It would not avail appellant to further elaborate and would only tend to make a matter of permanent record situations which the parties themselves, no doubt, do not care to have perpetuated.

The proof of the source of the funds and tracing them into the purchase price, when purchased and subsequent payment of the purchase price notes, was of the same quality and paucity on both sides. Swager v. Peterson, 49 Idaho 785, 291 P. 1049.

In actions of this kind, the trial court— "* * *, upon proper averments and under the express provisions of those sections of the Civil Code (sections 82–148) regulating actions for divorce, is invested with full power to determine the status of the property of both or each of the spouses, regardless of the name of either in which the title to such property stands, and the recitals of whatever transfers there may have been between such spouses regarding such properties or in transfers thereof to the one or other of them, are merely prima facie evidence of ownership, and raise only disputable presumptions as to whether such properties are the separate or community property of the parties to such transfers. Hamilton v. Hubbard, 134 Cal. 603, 65 P. 321, 66 P. 860, and cases cited; Alferitz v. Arrivillaga, 143 Cal. 646, 77 P. 657." Salveter v. Salveter, 206 Cal. 657, 275 P. 801 at 802–803. Jansen v. Jansen, 127 Cal. App. 294, 15 P.2d 777 at 778.

The crucial question in determining the status of the property was the source of funds which went into the purchase of the property, Aker v. Aker, 52 Idaho 713 at 725, 20 P.2d 796, and the court has found upon this conflicting evidence from which different inferences could be drawn, that it was purchased with community funds. He had a right to believe respondent and doubt appellant's statement that the money was furnished by her 18-year old son through his own efforts and by money given him by relatives. Appellant urges that the memorandum of the trial judge attached to respondent's brief shows he had such a mistaken conception of the cash payment (given there as $1600 instead of $800) and the mortgage, that his conclusions therein indicating it was unreasonable to believe a boy of that age and at that time could have acquired the amount of money paid down, are not sustainable.

The attitude of this court toward such memorandum opinions has varied; in some cases holding they have no proper place in the record, Clark v. Clark, 58 Idaho 37, 69 P.2d 980; Stearns v. Graves, 61 Idaho 232 at 246, 99 P.2d 955, and in others recognizing them as assistance, Terry v. Terry, 70 Idaho 161 at 169, 213 P.2d 906, but the court has never held the memorandum controls over a direct finding, Clark v. Clark, supra, 58 Idaho at page 42, 69 P.2d 980. Whether the incorrect figure of the cash down-payment in the memorandum was a mere typographical error or whether the court was inadvertently and momentarily mistaken as to the exact figures, it is not conclusive. His conclusive reasoning in the memorandum was that Joe Westenberg had not furnished the purchase price, but that it came from the joint efforts of appellant and respondent during their

married life. "3 Cal.Jur. 10-Yr. Supp. 573, section 75, states: 'The sufficiency of the evidence is generally a matter for the trial court or jury, and the findings or verdict will not lightly be set aside. Following the general rule, a finding of a trial court that property is either separate or community in character is binding and conclusive upon the appellate court, * * * if it is based on conflicting evidence or upon evidence that is subject to different inferences. * * * Clearly, the determination of the trial court that the presumption has been overcome will not be disturbed on appeal if there is a substantial conflict in the evidence, or, although there is no conflict, if different inferences might fairly be drawn from the evidence. It is finally in each case a question of fact for the court or jury to determine whether the evidence is sufficient to overcome the presumption.'" Application of Rauer's Collection Co., Cal. App., 196 P.2d 803 at 808.

Appellant relies upon the recitals of the deed to her from her son as prima facie, and her testimony as to the source of the funds which went into the original purchase of the property by her son, which, nevertheless, are not without equivocal implications, as conclusively supporting her position.

Though a presumption arises from a hypothesis different from a prima facie case, determining their effect as against contradictory evidence is for the trier of fact and his determination, governed by the same principle, is equally controlling.

Prima facie evidence is not conclusive and it is for the trier of facts to weigh all the evidence and determine where the truth lies. State v. Adams, 22 Idaho 485 at 487, 126 P. 401; 32 C.J.S., Evidence, § 1016, p. 1040 et seq.; Idaho Gold Dredging Corp. v. Boise Payette Lbr. Co., 62 Idaho 683 at 691, 115 P.2d 401.

Appellant urges the finding that the parties had acquired this property as community property is a conclusion of law. It is made as a finding and the evidence of respondent, if believed by the court—which he had a right to do—and reasonable inferences drawn by the trial court, support the decree. Clifford v. Lake, 33 Idaho 77, 190 P. 714.

The judgment is affirmed. Each party is to pay their own costs.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.