734 P.2d 666

**Carol HALL, Plaintiff-Appellant,**

v.

**Anthony HALL, Defendant-Respondent.**

**No. 16187.**

Court of Appeals of Idaho.

Feb. 25, 1987.

Rehearing Denied April 16, 1987.

Petition for Review Granted June 9, 1987.

Raymond W. Setzke, Jr. of Swanson & Setzke, Boise, for plaintiff-appellant.

E.C. Rood, Emmett, for defendant-respondent.

SWANSTROM, Judge.

This appeal concerns the characterization of real property in a divorce action. After a trial in the magistrate division, the realty was held to be part community in nature and part separate. The wife appealed to the district court where the decision was affirmed. She now appeals to this Court. We reverse and remand.

The property in question is a ranch located near Horseshoe Bend, Idaho. The parties, Carol and Anthony Hall, purchased the ranch in 1981 from the husband's grandparents for $60,000. The purchase money was community property. The deed states that the Halls, husband and wife, are the grantees. At the trial, the husband's grandmother, Mrs. Faull, testified that the ranch was worth about $100,000 at the time of the sale. She indicated that the value above the purchase price was meant to be a gift to the husband alone. The wife's objection to this testimony was overruled.

The magistrate awarded the ranch to the husband and characterized the ranch as sixty percent community property. The wife was awarded $30,000 as reimbursement for her share of the community funds used to buy the ranch. The magistrate ruled that the remaining forty percent was a gift to the husband and therefore was his

**642**

separate property. The ranch was determined to be worth $100,000 when it was acquired and worth $120,000 at the time of the divorce. The $20,000 enhancement was divided between the parties by the ratio of community and separate property interests found. After deducting community debts from the community's share of the enhancement, the wife was awarded $33,651.29 for her share of the community interest in the ranch.

Carol Hall brings this appeal to challenge the court's characterization of the property. She contends (1) that Mrs. Faull's testimony concerning donative intent violated the parol evidence rule; (2) that I.C. § 55–606 prohibits the Faulls from changing the terms of the recorded deed; and (3) that the finding of a gift was not based on clear and convincing evidence. The first issue is dispositive, hence we will not address the second and third issues.

■ Appellant contends that the deed by which she and Anthony took the ranch is plain and unambiguous, and therefore cannot be varied by parol evidence. The deed contains the following language:

> For Value Received, THOMAS R. FAULL, SR., also known as Thomas R. Faull, Thos. R. Faull, Thomas Richard Faull, Sr., and Thomas Faull and FLORA M. FAULL, husband and wife, grantors, do hereby grant, bargain, sell and convey unto ANTHONY M. HALL and CAROLYN S. HALL, husband and wife, the grantees, ... the following described premises....

Where possible, the court should give effect to the intention of the parties to a deed. *Gardner v. Fleigel*, 92 Idaho 767, 450 P.2d 990 (1969). Where the language of a deed is plain and unambiguous the intention of the parties must be determined from the deed itself, and parol evidence is not admissible to show intent. *Id.* Oral statements are generally inadmissible to contradict or vary unambiguous terms contained in a deed. *French v. Brinkman*, 60 Cal.2d 547, 35 Cal.Rptr. 289, 387 P.2d 1 (1963); *Neeley v. Kelsch*, 600 P.2d 979 (Utah 1979). If the language in the deed is ambiguous, then evidence of all the surrounding facts and circumstances is admissible to prove the parties' intent. *Gardner v. Fleigel, supra.* The parol evidence rule does not preclude the use of extrinsic evidence to explain the parties' intent when the provisions of a writing are ambiguous. *Ness v. Greater Arizona Realty, Inc.*, 117 Ariz. 357, 572 P.2d 1195 (App.1977); 32A C.J.S. *Evidence* § 959(1)a (1964). Where, as here, the consideration clause merely recites "For Value Received," parol evidence is admissible to show the true consideration for the conveyance. *State v. Wilson*, 103 Ariz. 194, 438 P.2d 760 (1968); *Neils v. Deist*, 180 Mont. 542, 591 P.2d 652 (1979).

■ In the instant case, the deed conveyed "For Value Received," the entire estate, with the reservation of a life estate by the grantors, to "Anthony M. Hall and Carolyn S. Hall, husband and wife." The deed conveyed the fee to the Halls unambiguously. Only the consideration clause was open to explanation by parol evidence. The only "value received" shown by the evidence was the $60,000 paid by the Halls from community funds. The deed was clear and unambiguous as to the grantees and the estate conveyed. Therefore, testimony claiming that the $40,000 "gift" was *solely* to the husband was in reality an attempt not to clarify the amount of consideration but to vary other unambiguous terms of the deed. When offered for this purpose, the testimony violated the parol evidence rule.

The law of community property supports our conclusion. The ranch was acquired during the marriage with community funds. Thus the ranch was presumed to be community property. *Stanger v. Stanger*, 98 Idaho 725, 571 P.2d 1126 (1977). This presumption can be rebutted, and the burden of proof lies with the party seeking to prove the separate character of the property. *Id.* The magistrate here relied on the *Stanger* case. In *Stanger*, the husband gave an annuity contract to his parents in exchange for a farm. The husband alone was named in the deed, and as obligor on the annuity contract. The annuity contract, as with the payment in this case,

did not compensate the grantors for the full value of the farm. Mrs. Stanger claimed that any gift was to both spouses. The husband was able to meet the burden of proving that the gift was his separate property. He provided gift tax returns showing a separate gift. His parents executed new wills to reflect the gift, and he presented oral testimony on the donative intent. All of this evidence was admitted. Unlike the instant case, the deed in *Stanger* listed only the husband as grantee. Therefore, none of the evidence contradicted or varied the deed, rather it was consistent with the deed and admissible as evidence to overcome the presumption that the ranch was entirely community property. Moreover, nowhere in the *Stanger* opinion do we find that a parol evidence rule objection was made to the extrinsic evidence offered to show the intent of the grantors.

■ Here, the magistrate treated the form of the deed as being inconclusive in determining the status of the property. He relied upon *Stanger* and *Bowman v. Bowman,* 72 Idaho 266, 240 P.2d 487 (1952). In *Bowman* the court stated that the trial court in a divorce action

> is invested with full power to determine the status of the property of both or each of the spouses, regardless of the name of either in which the title to such property stands, and the recitals of whatever transfers there may have been between such spouses regarding such properties or in transfers thereof to the one or other of them, are merely prima facie evidence of ownership, and raise only disputable presumptions as to whether such properties are the separate or community property of the parties to such transfers. [Citations omitted.]

*Id.* at 270, 240 P.2d at 489 (*quoting Jansen v. Jansen,* 127 Cal.App. 294, 15 P.2d 777, 778 (1932)). *Bowman,* like *Stanger,* involved a deed naming only one spouse. A deed granting property to only one spouse shows the acquisition of property during marriage, and, without more, the presumption that the property is community applies. *Stanger v. Stanger, supra.* Under *Bowman* the separate character of the property can be established by tracing the source of the funds used to acquire the property to the separate property of the spouse named in the deed. This is also true where the property can be shown to be acquired by gift, bequest, devise or descent. I.C. § 32–903.

■ To overcome the community presumption the party named in the deed must present evidence proving the separate source of the property. In cases where the deed names the spouse, but does not indicate that the property is separate property, other evidence, including parol evidence, is necessary. This parol evidence does not vary or contradict the deed and is therefore admissible. However, where the deed names both spouses, as husband and wife, the same parol evidence showing a separate interest necessarily varies the deed. This evidence is barred by the parol evidence rule unless the rule is inapplicable to a divorce case. In *Suchan v. Suchan,* 106 Idaho 654, 682 P.2d 607 (1984), our Supreme Court applied the general rule of construction of an unambiguous contract to an agreement between spouses involved in a divorce. We see no reason to treat a deed differently. Our courts are not guided by a separate set of evidence rules in divorce cases. A party seeking to rebut the presumption that property acquired during marriage is community property must stand or fall on admissible evidence.

The determination of donative intent is a factual one which will not be disturbed on appeal if supported by substantial and competent evidence. *Stanger v. Stanger, supra.* The same is true for the trial court's characterization of property. *Bowman v. Bowman, supra.* The fact finder is given broad discretion in weighing the evidence to arrive at the facts. However, before that discretion is exercised the evidence must pass the legal threshold of admissibility. The testimony of Mrs. Faull regarding the separate gift to the husband was not admissible for the purpose to which it was put. This evidence was relied on in the characterization of the ranch property. Therefore, we remand for a recharacterization of the property after a review of the

admissible evidence, and for adjustment of the property division if needed. Costs to appellant. No attorney fees awarded.

WALTERS, C.J., and BURNETT, J., concur.