(January 11, 1904.)

## MELLEN v. McMANNIS.

[75 Pac. 98.]

REAL ESTATE—CONTRACT ·OF SALE—DECLARATION· OF HOMESTEAD—
 ·· HEAD OF·FAMILY.

1.·Under the provisions of section 3071, Revised Statutes, a declaration of homestead must contain a statement showing that. the person making it is the head of a family. It is a sufficient compliance therewith if such declaration contains a statement of the probative facts from which the ultimate act may be judicially inferred that the person making such declaration is the head of a family.

2. If a homestead declaration contains a statement of the facts in substantial compliance with the provisions of said section 3071, it is sufficient.

3. The property selected as a homestead can only be aban-. doned by a declaration of abandonment or by a grant or conveyance thereof properly executed and acknowledged by the husband and wife, if the claimant is married, as provided by section 3041, Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court of Elmore County. Action originally tried by Honorable C. O. Stockslager, Judge. Order overruling motion for a new trial made by Honorable Lyttleton Price, Judge.

Action to compel conveyance of real estate. Judgment for plaintiff. Reversed.

The facts are stated in the opinion.

W. C. Howie, for Appellant.

While the two main points raised are based on the evidence, there is in no sense a conflict of evidence, for as to those facts material to those two questions there is no conflict or even a suggestion of a conflict. Besides, they are based on records and documentary evidence to which the rule as to conflicting evidence does not apply; in fact, it is not really a question of evidence, but resolves itself into questions of law as to the legal effect of certain documentary evidence. To be sure there is, considerable conflict in the evidence, but it is all as to other matters not brought up on this appeal and which in no manner whatever affects the questions on which this appeal is taken. And first as to the question of homestead: The preliminary proof was sufficient to introduce copy of record. Defendant testified he did not have the original nor did he know where it was, and the legal presumptions would be that he would not have it. It was sought at the only place it would be presumed to be—in the possession of the one who made it and to whom it would be returned after record; but it was, not necessary on the part of the defendant to even make pre-

liminary proof. (Rev. Stats., sec. 5998; 3 Deering's Code, sec. 1951; *Hurlbutt v. Butenop,* 27 Cal. 55; *Mayo v. Maxeaux,* 38 Cal. 449; *Hicks v. Coleman,* 25 Cal. 129, 85 Am. Dec. 103.) The declaration is sufficient in form. All the statute requires is a statement showing the declarant to be the head of the family. (Idaho Code, sec. 3071.) And the declarant stating that he was married shows that. (Idaho Code, sec. 3059.) As to the sufficiency of the declaration, see *Simonson v. Burr,* 121 Cal. 582, 54 Pac. 87; 2 Idaho Codes of 1901, secs. 2475, 2476, 2494, and notes; Bancroft's Forms, p. 137; 15 Am. & Eng. Ency. of Law, 535, 725, 726, and notes; *Southwick v. Davis* (Cal.), 21 Pac. 121. The land having once become a homestead, it cannot be abandoned nor conveyed in any other way than that laid down by statutes. (Idaho Code, secs. 2505, 2921, 3040-3042.) Leaving the land nor leaving the state, though permanently, nor even the acquiring of another home does not abandon it, and any transfer except in the manner specified by statute is absolutely void. (*Tipton v. Martin,* 71 Cal. 325, 12 Pac. 244; *Porter v. Chapman,* 65 Cal. 365, 4 Pac. 237; 22 Am. & Eng. Ency. of Law, 1st ed., 922, note, "Married Women.") And not only is the conveyance itself void, but any agreement to convey is also void. (*Barton v. Drake,* 21 Minn. 299; *Yost v. Devault,* 9 Iowa, 61; *Phillips v. Stauch,* 20 Mich. 380.) As to the contract to sell: There was no acceptance within the time and in the manner designated by Clark. The proposer to sell property has a right to impose any terms he may see fit, not only as to terms of sale, but also time and manner of acceptance and notice of exceptance. (3 Am. & Eng. Ency. of Law, 1st ed., 846, 852, and note; *Gilbert v. Baxter,* 71 Iowa, 327, 32 N. W. 364; *Sawyer v. Brossart,* 67 Iowa, 678, 56 Am. Rep. 371, 25 N. W. 876; *Childs v. Gillespie,* 23 Atl. 312; 22 Am. & Eng. Ency. of Law; Waterman on Specific Performances, secs. 135, 136, 175; *Eliasion v. Henshaw,* 4 Wheat. 225, 4 L. ed. 556; *Horne v. Niver,* 168 Mass. 4, 46 N. E. 393; *De Jonge v. Hunt,* 103 Mich. 94, 61 N. W. 342; *Langellier v. Shaeffer,* 36 Minn. 361, 31 N. W. 691; *Athe v. Bartholomew,* 69 Wis. 43, 5 Am. St. Rep. 103, 33 N. W. 113.)

N. M. Ruick, for Respondent.

The questions which this court is called to pass upon are two: 1. Was there a valid agreement between Clark and Mellen whereby the former was to convey to the latter the premises in question? 2. Did the premises, at the date of the agreement, if any, constitute a homestead? The next question is that of homestead. Did these premises constitute the homestead of Clark at the date the foregoing agreement was entered into? We say that they did not, and we base this assertion upon the ground that the declaration of homestead is not in compliance with the requirements of the statute in relation to homesteads. That said declaration did not conform to the statutes of Idaho, in that "declarant nowhere states in the so-called declaration of homestead that he is the head of a family." Independent of the statute, the fact appearing that the declarant had a wife and children residing with him would constitute him the "head of a family." (*Bosquett v. Hall*, 90 Ky. 566, 29 Am. St. Rep. 404, 13 S. W. 244, 9 L. R. A. 351; 2 Dembitz on Land Titles, p. 1280.) It is interesting to note in this connection, as throwing light upon the necessity for the declarant stating that he is the "head of a family," that the statute of California prior to 1874 required that the declaration of homestead must contain "a statement of the facts that show the person making it to be the "head of a family.'" This statute, however, was amended in 1874 to read as our statute now reads, to wit: "A statement showing that the person making it is the head of a family"; and in case of *Jones v. Waddy,* 66 Cal. 457, 6 Pac. 92, the supreme court of California held that the statute as amended did away with the "statement of facts" formerly required, and substituted the statement, "I am the head of a family." The right of the claimant to select a homestead and impress upon it an exemption from forced sale must appear upon the face of the declaration, and its omission can no more be supplied by extraneous evidence than can an omission to state the value of the property claimed. The legislature has prescribed certain formalities and conditions which are essential to the "selection" of a homestead, and these formalities and conditions cannot be disregarded by courts. When a selection is made by virtue of the claimant being the "head of a family," that fact is as necessary to be shown

in the declaration as is the fact of occupancy or of value. We are not at liberty to disregard one of these requisites any more than another. If either is wanting, the declaration is unavailing to create the exemption. (*Reid v. Englehart etc. Mer. Co.,* 126 Cal. 527, 77 Am. St. Rep. 206, 58 Pac. 1063, 1064.)

SULLIVAN, C. J.—This is an action to compel the defendant to convey to the plaintiff, who is respondent here, certain premises situated in the village of Mountainhome, the title to which premises formerly was in one A. B. Clark. It appears that said Clark and his family, consisting of a wife and two children, had formerly resided on said premises, occupying it as their home; that while residing thereon said Clark filed a homestead declaration claiming said premises as a homestead under the laws of this state; that more than a year prior to the commencement of this action said Clark had removed from said premises with his family to the state of Washington and had resided there ever since. The plaintiff alleges that through written correspondence with said Clark an agreement was entered into for the purchase of said premises whereby plaintiff became entitled to a conveyance for the asme; that said Clark, disregarding such agreement to convey, he and his said wife thereafter conveyed said premises to the appellant McMannis. And it is alleged that the appellant took said conveyance with full notice of said agreement by Clark to convey said premises to the respondent. Those allegations were put in issue by the answer, and for a separate defense it was alleged that the premises in question constituted the homestead of Clark, and for that reason he could not make a valid contract for the conveyance thereof without the written consent of his wife. The issues thus made were tried by a jury and a verdict was rendered for the plaintiff, on which verdict a judgment was duly entered. A motion for a new trial was denied by the court. This appeal is from the order denying a new trial.

The court is called upon to decide two questions: 1. Was there a valid agreement betwen Clark and Mellen whereby the former was to convey to the latter the premises in question? 2. Did the premises at the date of said agreement constitute a

·homestead? · In our view of the case a proper answer to the second question will dispose of both questions, for if said premises constituted a valid homestead, the alleged agreement between Clark and Mellen could not be enforced, for the reason that Mrs. Clark did not join in that agreement. Counsel for respondent contends that the declaration of homestead relied on by appellant is fatally defective, in that it fails to state that the declarant is the head of a family.

Said homestead declaration is as follows:

"Know all men by these presents: That I do hereby certify and declare that I am married and that I do now at the time of making this declaration, actually reside with my family on the land and premises hereinafter described. That my family consists of a wife and two children. That the land and premises on which I reside are bounded and described as follows, to·wit: Lying and being in the town of Mountainhome, in Elmore County, State of Idaho, and particularly described as follows: Lots five (5), six (6), seven (7) and eight (8) of block ten (10) of the town of Mountainhome, Elmore County, State of Idaho, according to the plat of said town now on file in the office of the recorder of said county. That it is my intention to use and claim the said lot of land and premises above described, together with the dwelling-house thereon and its appurtenances, and I do hereby select and claim the same as homestead. That the actual cash value of said property I estimate to be fifteen hundred dollars.

"In witness whereof, I have hereunto set my hand and seal this twentieth day of August, 1897.

"A. B. CLARK. (Seal.)"

Attached to said declaration is a proper certificate of acknowledgment.

Section 3071, Revised Statutes, provides what the declaration of homestead must contain, and is as follows: "The declaration of homestead must contain: 1. A statement showing that the person making it is the head of a family; or, when the declaration is made by the wife, showing that her husband has not made such declaration, and that she therefore makes the declara-

tion for their joint benefit; 2. A statement that the person making it is residing on the premises, and claims them as a homestead; 3. A description of the premises; 4. An estimate of their actual cash value."

The first subdivision of said section provides that such declaration must contain a statement showing that the person making it is the head of a family.

Does the declaration contain a statement showing that said Clark was the head of a family at the date he made the declaration? He states therein that he is married; that he actually resides on the premises described in the declaration with his family; and that his family consists of a wife and two children. Whilst he does not state the ultimate fact, to wit, "that he is the head of a family," we think the probative facts stated warrant the conclusion or the judicial inference that he is the head of a family and negatives any other inference. We are of the opinion that if a homestead declaration contains a statement of sufficient facts to warrant the conclusion that the person making it is the head of a family, it is sufficient, and is a substantial compliance with the provisions of subdivision 1 of said section in that regard.

Through motives of public policy and humanity to the debtor and his family, exemption and homestead laws have been enacted, and even aside from the provisions of section 4, Revised Statutes, which provides that all statutes must be liberally construed, we can hardly conceive the necessity or propriety of strictly construing a statute having mercy and benevolence for its object.

It is contended by counsel for respondent that under the provisions of section 3059, Revised Statutes, the wife is included in the phrase "head of a family," and for that reason the husband is not necessarily the head of the family, and that the statements in said declaration of homestead are not sufficient to show that said Clark was the head of his family. Counsel cites *Jones v. Waddy*, 66 Cal. 457, 6 Pac. 92, as showing the change in section 1263 of the Civil Code of that state prior to its amendment in 1874. That section before amendment provided that the declaration of homestead must contain

"A statement of the facts that show the person making it to be the head of a family." After the amendment of 1874 the above-quoted provision read as follows: "A statement showing that the person making it is the head of a family." In commenting on that amendment the court says in the opinion of *Jones v. Waddy, supra,* that "From the phraseology of the amendment it is manifest that the legislature intended to dispense with 'a statement of the facts' in a declaration from which the ultimate fact might be judicially inferred, and to require a simple statement or recital of the ultimate fact." The court there holds that a statement in the declaration of homstead that the declarant is the head of a family is sufficient. But it does not hold, in terms or by inference, that the declaration there under consideration would have been held void if it had contained a statement of facts from which it could be judicially inferred that the declarant was the head of a family instead of a statement of the ultimate fact that the declarant was the head of a family.

We are clearly of the opinion that if the declaration of homestead contains a statement of probative facts sufficient to show that the declarant was qualified to make the declaration, the declaration is sufficient on the point under consideration to satisfy the requirements of said provision of section 3071, Revised Statutes.

The question of the abandonment of said homestead is suggested. Section 3041, Revised Statutes, provides how a homestead may be abandoned. That section provides that a homestead can only be abandoned by a declaration of abandonment or a grant or conveyance thereof executed by the husband and wife if the claimant is married and by the claimant if unmarried. It will thus be seen that one spouse cannot sell and dispose of the homestead by grant or conveyance unless it is duly signed and acknowledged by both. And as that was not done in the alleged sale by Clark to respondent, it was not a sale that a court of equity can enforce.

For the foregoing reasons the judgment is reversed and the cause remanded with instructions to enter judgment in favor

· of the appellant. Costs of this appeal are awarded to the appellant.

Ailshie, J., concurs.

Stockslager, J., did not sit at the hearing and took no part in the decision of this case.