## HOFMAN *v.* HOFMAN.

[No. 6,035. Filed November. 6, 1907.]

1. PLEADING.—*Complaint.*—*Divorce.*—*Abandonment.*—A complaint for divorce, on the ground of abandonment, which fails to show an abandonment for two years preceding the filing of the complaint, is bad. p. 477.

2. SAME.—*Complaint.*—*Divorce.*—*Cruelty.*—A complaint for divorce, on the ground of cruel treatment, which merely shows that the wife refused to join the husband in the conveyance of his lands, being the exercise of a statutory right, is bad. p. 477.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Suit by William G. Hofman against Hannah Hofman. From a decree for plaintiff, defendant appeals. *Reversed.*

*William J. Throop,* for appellant.
*Will J. Buskirk,* for appellee.

RABB, J.—The appellee sued appellant in the court below for divorce. The record shows the complaint, which was in two paragraphs, to have been filed on May 22, 1905. The only ground for divorce set up in the first paragraph of the complaint is abandonment, which the complaint alleges took place on or about July 1, 1903. The second paragraph of the complaint averred that the plaintiff and defendant were duly married on December 29, 1905, about seven months subsequent to the filing of the complaint, and it alleged that appel-

lant and appellee lived together as husband and wife until July 1, 1903, two years and a half prior to the date of their marriage. The marital wrongs set forth in this paragraph of the appellee's complaint, as the grounds of his right to a divorce, are cruel and inhuman treatment, which is alleged to have consisted of an ungovernable temper on the part of the appellant, and her continual nagging appellee in regard to money matters, and it is averred that the appellant had hindered appellee from making large sums of money by refusing to join with him in the conveyance of real estate owned by him, and that there existed an incompatibility of temper between the parties. The appellant's demurrer to this complaint was overruled, and the ruling of the court assigned as error here.

This complaint is glaringly insufficient. So far as it relies upon abandonment, it is shown upon its face that the statutory period of two years had not elapsed when the complaint was filed, and, so far as it relies on cruel treatment, the only issuable fact averred is that appellant refused to join with appellee in the execution of deeds for his real estate. The statute giving to a married woman an interest in her husband's real estate, in the conveyance of which she has not joined, was intended for her benefit and her protection, and if, by standing upon her right under this law, she is guilty of a marital offense against her husband that would entitle him to a divorce, it would be better that the law be repealed. Such is not the case, however, and the marital relation is not to be cast aside upon any such trivial and insufficient grounds. The demurrer to the complaint should have been sustained.

Cause reversed, with direction to the court below to sustain the demurrer to the complaint.