(No. 6271.  July 19, 1935.)

SIGEL CLARK, Respondent, v. MONTRIE HERON CLARK, Appellant.

[47 Pac. (2d) 914.]

C. H. Edwards and Paris Martin, for Appellant.

T. L. Martin, for Respondent.

8

MORGAN, J.—The parties to this action are husband and wife. The husband is, and prior to their marriage was, sole owner of a farm in Ada County which is mortgaged to secure the payment of a debt now past due and, at the time the action was commenced, foreclosure of the mortgage was threatened. He made application for a loan to the Federal Land Bank of Spokane with which to pay the debt and the application was approved, but before the loan was made his wife, appellant herein, filed a declaration of homestead on the land, and has refused, and still refuses, to join in the execution of a mortgage or to file an abandonment of the homestead. Because of the homestead declaration and of appellant's refusal to join in the execution of a mortgage, the Federal Land Bank refused to make the loan and respondent is unable to procure money from any source with which to pay the existing mortgage indebtedness. He alleges that, because of his wife's conduct aforesaid, the mortgage now on the farm will be foreclosed. It is further alleged in the complaint:

"Plaintiff alleges that said declaration of homestead upon said property of this plaintiff was made without the knowledge or consent of plaintiff and against his will, and for the purpose of preventing plaintiff from mortgaging his said property to the Federal Land Bank, thus refinancing the indebtedness against the same, or dealing in or with his

property and exercising his judgment in regard thereto in the manner and method by which he could protect the same, and in the hope and expectation that plaintiff could not pay said mortgage becoming due upon said property or the interest, taxes, drainage assessments or water bills thereon, or refinance such indebtedness, and that said mortgage would be foreclosed by the holder thereof, and that said defendant, by reason of said foreclosure, could acquire or secure an interest or title in or to said property by and through property and assets owned by defendant as her separate property; that said action on the part of said defendant in executing and recording said declaration of homestead was and is in fraud of plaintiff's rights and to his free use and enjoyment of said property and his right to mortgage or convey the same, and was executed and recorded for the purpose of clouding plaintiff's title, and has and does cloud plaintiff's title so he cannot mortgage or sell said property or otherwise protect his ownership thereof, or interest therein.''

Plaintiff prayed for a decree adjudging that defendant had no claim, estate, right, title or interest in or to the land, or any part thereof; that his title thereto be quieted against her claims, demands and pretensions; that she be enjoined from asserting any claim thereto, or interest therein; that the court, by decree, cancel and annul the declaration of homestead filed thereon and that it be held for naught, and that plaintiff have judgment for costs against defendant.

Appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and she answered. Respondent moved for judgment on the pleadings, the motion was granted and decree was entered as prayed for in the complaint. The order overruling the demurrer to the complaint and the action of the court awarding judgment on the pleadings are assigned as error.

As we view the case it may be disposed of on the assignment first mentioned and it will not, therefore, be necessary

to state the contents of the answer nor discuss the questions presented by the other assignment.

The right of a husband to prosecute an action against his wife to quiet title to his separate property is not questioned by counsel for appellant and we assume, but do not decide, that, if based on sufficient facts, such an action between such parties may be maintained. The question here to be decided is: Assuming all the allegations of the complaint to be true, are they sufficient to divest respondent of her statutory right to file, and maintain of record, a declaration of homestead on separate property of her husband used and occupied by them as a home at the time of making and filing the declaration?

The unqualified right of a married woman to select separate property of her husband as a homestead is granted and recognized, and the effect thereof upon the title is limited and fixed by the following sections of the code:

54–1001. ''The word homestead as used in this title includes within its meaning: The dwelling-house in which the claimant resides, and the land on which the same is situated and located as in this title provided; also the proceeds thereof in the event of a voluntary sale, and also the insurance thereon, if any, in the event of a loss.''

54–1002. ''If the claimant be married, the homestead may be selected from the community property, or the separate property of the husband, or with the consent of the wife from her separate property. . . . . ''

54–1003. ''The homestead cannot be selected from the separate property of the wife without her consent, shown by her making the declaration of homestead.''

54–1004. ''The homestead is exempt from execution or forced sale, except as in this title provided.''

54–1005. ''The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

''1. Before the declaration of homestead was filed for record, and which constitute liens upon the premises; or in an action in which an attachment was levied upon the premises before the filing of such declaration.

"2. On debts secured by mechanic's, materialmen's, laborer's or vendor's liens upon the premises.

"3. On debts secured by mortgages upon the premises, executed and acknowledged by the husband and wife or by an unmarried claimant.

"4. On debts secured by mortgages upon premises, executed and recorded before the declaration of homestead was filed for record."

54–1006. "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife."

54–1007. "A homestead can be abandoned only by a declaration of abandonment, or a grant or conveyance thereof, executed and acknowledged:

"1. By the husband and wife, if the claimant is married.

"2. By the claimant, if unmarried."

54–1203. "In order to select a homestead, the husband or other head of a family, or in case the husband has not made such selection, the wife, must execute and acknowledge, in the same manner as a conveyance of real property is acknowledged, a declaration of homestead, and file the same for record."

54–1206. "From and after the time the declaration is filed for record the premises therein described constitute a homestead. If the selection was made by a married person from the community property, the land, on the death of either of the spouses, vests in the survivor, subject to no other liability than such as exists or has been created under the provisions of this title; in other cases, upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the probate court to assign the same for a limited period to the family of the decedent; but in no case shall it be held liable for the debts of the owner, except as provided in this title."

The right of a married woman, whose husband has not filed a declaration of homestead and who resides

with their family on his separate property, to select the same and file such a declaration thereon is absolute. The declaration, having been made and filed for record, can only be abandoned as provided by statute. (*Mellen v. Mc-Mannis*, 9 Ida. 418, 75 Pac. 98; *Campbell v. Largilliere Co., Bankers*, 44 Ida. 293, 256 Pac. 371.)

The statutory provisions above quoted express the public policy of this state, and its purpose, to protect families residing here in the possession of their homes, and while the power thereby granted to married women may, in certain instances, result greatly to the disadvantage of their husbands, or of creditors, its exercise does not constitute fraud, either actual or constructive. (*Fitzell v. Leaky*, 72 Cal. 477, 14 Pac. 133; *McPhee v. O'Rourke*, 10 Colo. 301, 15 Pac. 420, 3 Am. St. 579; *Simonson v. Burr*, 121 Cal. 582, 54 Pac. 87; *Michels v. Burkhard*, 47 Cal. App. 162, 190 Pac. 370; *Paxton v. Sutton*, 53 Neb. 81, 73 N. W. 221, 68 Am. St. 589.)

In *Barton v. Rogers*, 21 Ida. 609, 618, 123 Pac. 478, 480, Ann. Cas. 1913E, 192, 40 L. R. A., N. S., 681, this court said:

"It is quite generally held that what a person may lawfully do may be done with or without malice. (Authorities cited.) In other words, there can be no legal malice in contemplation of law where the thing done is lawful and the means employed are lawful. Courts must judge the intent a man has in doing an act by the means he employs and the thing to be accomplished, and if they all be lawful, courts cannot impute malicious or unlawful motives to the actor."

The judgment appealed from is reversed and the cause is remanded with instruction to the district judge to sustain the demurrer to the complaint and dismiss the action. Costs are awarded to appellant.

Givens, C. J., and Budge and Ailshie, JJ., concur.

Holden, J., sat with the court at the hearing, but did not participate in the decision.