(No. 6414. June 24, 1937.)

SIGEL CLARK, Appellant, v. MONTRIE HERON CLARK, Respondent.

[69 Pac. (2d) 980.]

Elam & Burke and C. S. Hunter, for Appellant.

Paris Martin, Jr., and P. B. Carter, for Respondent.

MORGAN, C. J.—Appellant commenced this action against respondent to procure a decree dissolving their bonds of matrimony and awarding to him certain property described in the complaint. The trial resulted in a decree that the marriage be not dissolved, from which this appeal is prosecuted.

The cause of action stated in the complaint, and which evidence introduced on behalf of appellant tended to establish, is extreme cruelty, which I. C. A., sec. 31–605, defines as follows:

"Extreme cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage."

It is not contended Mrs. Clark inflicted bodily injury on her husband, but he alleges her conduct caused him grievous mental suffering.

Mr. and Mrs. Clark were married in 1925. Each had been married before and he is the father of a daughter and four sons, who are grown, the issue of his former marriage. Most of their disagreements arose from two causes: 1. Her extreme dislike for his children. 2. She filed a declaration of homestead on his separate property, which they occupied as their place of residence, and refused to join him in mortgaging it, which refusal resulted in litigation between them prior to the commencement of this action. (*Clark v. Clark*, 56 Ida. 6, 47 Pac. (2d) 914.) The acts of cruelty relied on by appellant, other than the refusal to join in the mortgage, consisted, largely, of epithets which, evidence introduced on his behalf tended to show respondent applied to him and his children. The evidence on this point is conflicting and, with respect to this phase of the case, the trial judge found:

"That defendant disliked plaintiff's adult children and that her conduct in this regard tended to promote a lack of harmony in the household and was undoubtedly carried to unjustifiable extremes; that defendant's use of epithets toward either plaintiff or his adult children in this respect is not sufficient of itself to constitute extreme cruelty."

In *Piatt v. Piatt*, 32 Ida. 407, 184 Pac. 470, the first section of the syllabus, which was by the court and correctly reflects the part of the opinion it relates to, is as follows:

"1. Where a divorce is sought on the ground of extreme cruelty, causing grievous mental suffering, the evidence must be sufficient to satisfy the trial court that the party at fault has been guilty of acts of cruelty which have caused grievous mental suffering to the complaining party. The finding will not be disturbed unless the evidence in support thereof is so slight as to indicate a want of good judgment and an abuse of discretion by the trial court."

On the point that respondent refused to join appellant in the execution of a mortgage on his separate property, it was shown that because of her refusal he was unable to refinance the mortgage indebtedness, which existed against it, and that the mortgage was foreclosed and a sheriff's deed had been issued whereby he had been divested of his title and would lose possession at the expiration of the period of redemption. Respondent testified she refused to join in the execution of the mortgage because appellant insisted it be made to the Federal Land Bank, which required that one of his sons join in the execution of it, and that the son had stated if he got control of the property he would not allow her to occupy it; that she was at all times willing, and had so informed appellant, to join him in the execution of a mortgage which would not result in giving his son a hold on, or control of the property. Just what interest in or control of the property the son would have had by joining in the execution of the mortgage is not clear, but it is the reason assigned by respondent for her refusal to join in the execution of it.

In *Clark v. Clark, supra,* we held respondent herein was within her legal rights when she filed a declaration of homestead on appellant's separate property, and, of course, she could not be compelled to join in the execution of the mortgage. It is insisted by counsel for appellant, however, that a legal right may be so exercised by one spouse as to constitute extreme cruelty to the other. That contention may be sound, but it is not necessary for us to decide, in this case, whether it is or not.

The trial judge found "that the defendant filed a declaration of homestead upon the plaintiff's separate property and that she was within her rights in so doing, and that the same does not constitute extreme cruelty under the statute." (See *Hofman v. Hofman*, 40 Ind. App. 476, 82 N. E. 477.) The findings of fact, conclusions of law and decree show a copy thereof was received by counsel for appellant. If they made any objection to that finding or requested the trial judge to find respondent's acts in placing the declaration of homestead on appellant's separate property and in refusing to join him in the execution of a mortgage on it were wrongful or malicious, or done with intent to, or did, inflict on him grievous mental suffering, the record does not disclose it.

Appellant's counsel has caused to be filed herein by the clerk of this court, a certified copy of a document entitled in this case and called "Memorandum Decision," which appears to have been signed by the trial judge and filed in the district court prior to the making of findings of fact and conclusions of law. They rely on certain statements in this document to sustain their contention that the judge, in finding the filing of the declaration of homestead "does not constitute extreme cruelty under the statute," stated the meaning he attributed to our decision in the former litigation between these parties and was not an expression of his decision on the question of whether respondent's conduct with reference to appellant's separate property constituted extreme cruelty on her part toward him.

The "memorandum decision" is not properly before us for consideration. Furthermore, the law does not require trial judges to render such decisions, and they will not be given controlling weight by this court in affirming, modifying or reversing judgments appealed from. If the decision of a district judge, consisting of findings and conclusions, follows the law and is supported by the evidence, the judgment should be upheld and affirmed whether the theories which prompted its rendition were sound or unsound. If the decision violates the law or is not supported by the evidence, the judgment should be reversed although the judge who rendered it may have expressed sound theories, in communications to

counsel, prior to its rendition. (*North Robinson Dean Co. v. Strong*, 25 Ida. 721, 139 Pac. 847; *Corker v. Cowen*, 30 Ida. 213, 164 Pac. 85; *Baldwin v. Singer Sewing Machine Co.*, 48 Ida. 596, 284 Pac. 1027.) *Fleming v. Bithell*, 56 Ida. 261, 52 Pac. (2d) 1099, does not go to the extent of holding "memorandum decisions" of trial judges may be used to impeach their findings of fact.

The evidence sustains the findings, and the decree is affirmed. Costs are awarded to respondent.

Holden and Ailshie, JJ., concur.

Givens, J., dissents.

BUDGE, J., Dissenting.—I. C. A., section 31–605, defines extreme cruelty as follows:

"Extreme cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage."

The court found in its finding number four:

"That defendant (respondent) disliked plaintiff's adult children and that her conduct in this regard tended to promote a lack of harmony in the household and was undoubtedly carried to unjustifiable extremes; that defendant's use of epithets towards either plaintiff or his adult children in this respect is not sufficient of itself to constitute extreme cruelty."

The record further discloses that altercations and quarreling took place between the parties to the action since the spring of 1935. Assuming that the court had reference to the epithets testified to by witnesses as having been used by respondent toward appellant and his children, a reading of the record discloses that such epithets are unprintable and are of such a character that it would be inconceivable to conclude that they did not inflict grievous mental suffering. True, the finding fails to set out the epithets in detail. If for no other reason, the cause should be remanded with instructions to the trial court for the purpose of making its

findings more definite and certain. In other words, to definitely find what epithets were actually used by respondent toward appellant and his children, what her conduct was that tended to promote a lack of harmony, and in what way and in what respect it was undoubtedly carried to unjustifiable extremes. Mere general findings which in effect are conclusions are not helpful where there is a conflict in the evidence, and it is the duty of the trial court to find upon each and every material issue made by the pleadings.

If respondent's conduct toward appellant consisted in constant quarreling, nagging and swearing, and use of language by her toward appellant and his children as testified to by the witnesses there was ample evidence to support a finding of extreme cruelty as defined by the statute, *supra,* and the court's conclusion: ''That the bonds of matrimony between plaintiff and defendant be not dissolved,'' and his judgment based thereon, are not supported by the evidence.

The entire record discloses that there is neither harmony, confidence, respect or affection existing between the parties to this action, and that such has not existed since 1935, at which time appellant, finding himself in distressed circumstances, sought to refinance his farm and save his home. Respondent did not cooperate with him but filed a declaration of homestead, which, as was held in *Clark v. Clark,* 56 Ida. 6, 47 Pac. (2d) 914, an action between the same parties, she had an absolute legal right to do. If I understand the conclusion that the court reached in construing the foregoing. opinion, it was to the effect that the opinion held that the filing of the declaration of homestead did not constitute extreme cruelty. In that case the court simply held that respondent had an absolute legal right to file a declaration of homestead. In my opinion the court should have taken into consideration all the facts and circumstances leading up to the action of respondent in this regard, the result that followed, the motives and purposes that prompted respondent's action, as well as all other facts and circumstances developed upon the trial. In making the findings, conclusions and judgment all facts and circumstances should have been considered.

The judgment should be reversed with instructions to the trial court to make full and complete findings upon all the material issues; otherwise the judgment should be reversed and a decree awarded in favor of appellant.