972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Eugene L. BARNES; Anne Barnes, Debtors.
Eugene L. BARNES; Anne Barnes, Appellants,
v.
APPLEWAY EQUIPMENT LEASING, INC.; Panhandle Trustee
Services, Inc., Appellees.
 No. 91-35433.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 26, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene and Anne Barnes (debtors) appeal from the judgment of the Bankruptcy Appellate Panel (BAP). The BAP held the debtors' homestead declaration invalid because it failed to contain an estimate of the cash value of the property and failed to contain either debtor's legal name. The validity of the declaration is a question of Idaho law, which we review de novo. Brooks v. Hilton Casinos, Inc., 959 F.2d 757, 759 (9th Cir.1992). We affirm.
 
 DISCUSSION
 
 3
 "A homestead exemption establishes the family residence as an enclave exempt from the reach of most creditors." In Re Renner, 822 F.2d 878, 879 (9th Cir.1987). Idaho Code § 55-1204 (1988) requires that a declaration of homestead contain, among other things, an estimate of the premises' actual cash value. The debtors here left that portion of the declaration form blank. They argue that leaving the form blank meant zero cash value and that they substantially complied with the statute.
 
 
 4
 We agree with the BAP that "blank does not mean zero." A blank response is no response at all. See Lynch v. Stotler, 215 F.2d 776, 777 (9th Cir.1954) (rejecting same argument under California law). We conclude that the debtors did not substantially comply with the statute. See Mellen v. McMannis, 9 Idaho 418, 75 P. 98, 99 (1904) (establishing substantial compliance standard). Although the homestead statutes should be liberally construed, Mellen, 75 P. at 99, the exemption is a statutory right that can be gained only by compliance with the statutes, Burbank v. Kirby, 6 Idaho 210, 55 P. 295, 296 (1898). Here, the debtors completely disregarded the requirement of an estimate of value. To uphold the declaration here would be to read the requirement of an estimate of value out of the statute. See Renner, 822 F.2d at 880; Lynch, 215 F.2d at 778.
 
 
 5
 The debtors also contend that the omission was inconsequential because the requirement serves no purpose. We reiterate what we said in Lynch, 215 F.2d at 778: "It may be said that the [ ] statute serves no useful purpose in requiring that the value of a homestead should be set forth in a declaration. Maybe the United States statutes should allow a homestead of decent value. Those are legislative matters." Because we conclude that the declaration was invalid for failure to include an estimate of value, we need not reach the issue whether it was invalid for failure to include either debtors' legal name.
 
 
 6
 The debtors additionally failed to meet the statutory requirement that if a declaration is made by a wife, she must state that "her husband has not previously made such declaration, and that she therefore makes the declaration for their joint benefit." Idaho Code § 55-1204(1). The debtors argue that the provision violates the Equal Protection Clause. Because the declaration was otherwise invalid, the BAP did not reach this issue and we do not reach it either.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3