(February 23, 1899.)

## TAYLOR v. BARTHOLOMEW.

[56 Pac. 325.]

PLEADINGS—NONSUIT—CROSS-COMPLAINT.—In an action by the plaintiffs against numerous defendants to settle the rights of the parties to the waters of a certain stream, various defendants having, in addition to their answers to the complaint of plaintiffs, filed cross-complaints asking affirmative relief against both the

plaintiffs and certain of their codefendants, the plaintiffs having been nonsuited, the court, on motion of certain of the defendants, dismissed the cross-complaints of the other defendants. *Held,* error. The cross complainants were entitled to be heard upon their cross-complaints in the action then pending.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Moyle, Zane & Costigan, for Appellants.

Whenever the defendant seeks affirmative relief against any party relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to the original complaint. (Idaho Rev. Stats. 1887, sec. 4188; *Van Bibber v. Hilton,* 84 Cal. 585, 24 Pac. 308, 598.) No objection can be made to the cross-complaints that new parties are named therein as parties to be brought in, for relief may be had against new parties by cross-complaint even when the statute is silent as to granting relief against persons not parties to the original suit. (*Winter v. McMillan,* 87 Cal. 256, 22 Am. St. Rep. 243, 25 Pac. 407; *Chalmers v. Trent,* 11 Utah, 88, 39 Pac. 488.) Moreover, a cross-bill is so far independent of the original bill that where the cross-bill sets up additional facts relating to the subject matter of the suit, but not alleged in the original bill, and asks affirmative relief upon grounds justifying equitable interference, a dismissal of the original bill does not dispose of the cross-bill, but that remains for disposition just as if it had been filed as an original bill. (*Markell v. Kasson,* 31 Fed. 104; *Coogan v. McCurren,* 50 N. J. Eq. 611, 25 Atl. 330; *Lowenstein v. Glidewell,* 5 Dill. 325; S. C. Fed. Cas. No. 8575; *Abels v. Mobile Real Estate Co.,* 92 Ala. 383, 9 South. 423; *Jesup v. Illinois Central R. R. Co.,* 43 Fed. 483; *Ballard v. Kennedy,* 34 Fla. 483, 16 South. 327; *Worrell v. Wade,* 17 Iowa, 96; *Ragland v. Broadnax,* 29 Gratt. 401; *West Virginia etc. L. Co. v. Vinal,* 14 W. Va. 637; *Wilson's Heirs v. Bodley,* 2 Litt. (Ky.) 55; *Wickliffe v. Clay,* 1

Dana (Ky.), 585.) Cross-complaints under the code are like cross-bills, with two important exceptions, viz.: 1. A cross-bill would of course lie only in equity cases, while a cross-complaint is available in law cases as well as in equity; and 2. While a cross-bill may be made up wholly of defensive matter, a cross-complaint is by the very words of the statute proper only where affirmative relief is sought by the defendant. (*Willman v. Friedman,* 4 Idaho, 209, 38 Pac. 937.) One restriction is imposed, viz., the plaintiff cannot dismiss the action, nor submit voluntarily to a nonsuit, without the consent of the cross-complainant. (Idaho Rev. Stats. 1887, sec. 4354, subd. 1. See *Purnell v. Vaughn,* 80 N. C. 46 (counterclaim); *Allen v. Allen,* 14 Ark. 666.) The plaintiff can, however, do either of these things with the consent of the defendant, and a voluntary dismissal of his original complaint, by plaintiff, or a voluntary nonsuit by him, with the consent of the cross-complainant, leaves the issues under the cross-complaint in court for adjudication. The cross-complaint remains for disposition as though it were an original complaint, for "it is the policy of the law, as it is essential to the cause of justice, that all matters of difference between the parties should be settled in one controversy." (*Watts v. Sweeney,* 127 Ind. 116, 22 Am. St. Rep. 615, 36 N. E. 680; *Mott v. Mott,* 82 Cal. 413, 22 Pac. 1140; *Worrell v. Wade,* 17 Iowa, 96 (cross-bill); *Spearing v. Chambers,* 25 Iowa, 99; *Russell v. Lamb,* 82 Iowa, 558, 48 N. W. 939; *Jones v. Thacker,* 61 Ga. 329. See, also, *Abels v. Planters' etc. Ins. Co.,* 92 Ala. 383, 9 South. 423 (statutory cross-bill); *Crain v. Hilligross,* 21 Ind. 210; *Warner v. Darrow,* 91 Cal. 309, 27 Pac. 737; *Mott v. Mott,* 82 Cal. 419, 22 Pac. 1140.)

Hawley & Puckett and K. I. Perky, for Respondent.

The first position taken by counsel that "the cross-complaints in this case are proper cross-complaint," we do not concede. We deny that a cross-complaint in this form of action is a proper pleading, and insist, even if it is proper, still it is not necessary. Matters which are proper as a defense should be set up by answer, and not by way of cross-complaint. (*Shain v. Belvin,* 79 Cal. 262, 21 Pac. 747; *Mills v. Fletcher,* 100 Cal.

142, 34 Pac. 637; *Wilson v. Madison,* 55 Cal. 5; *Miller v. Luco,* 80 Cal. 257, 22 Pac. 195; *Hills v. Sherwood,* 48 Cal. 386; *Doyle v. Franklin,* 40 Cal. 110.) Matters which are proper as a defense will not be turned into a cross-complaint, merely by a prayer for affirmative relief. (*Doyle v. Franklin,* 40 Cal. 110; *Brannan v. Paty,* 58 Cal. 330.) Where the original bill is dismissed as a matter not properly in court, the cross-bill is also dismissed. (*Lowenstein v. Hooker,* 71 Miss. 102, 14 South. 531.)

HUSTON, C. J.—This action was brought by the plaintiffs against some twenty-five defendants, for the purpose of adjusting and establishing the rights of the various parties to the waters of Raft river and its tributaries. The complaint sets up the claim of the plaintiffs to a certain amount of the waters of Raft river by virtue of appropriation and user since the year 1875; sets forth the description of the lands of the plaintiffs for the irrigation of which said water was appropriated and has been used since 1875; and avers the necessity of such water for the cultivation of said lands. The complaint avers that each of the defendants is located on lands situated above the lands of the plaintiffs on said Raft river, and avers that defendants have interfered with plaintiffs' right to said waters by obstructing the flow thereof by the erecting of dams and ditches on said stream, and diverting the waters thereof, and have thereby deprived the plaintiffs of the use and enjoyment of said waters to which they are entitled as aforesaid; avers that the defendants, and each of them, claim some right or interest in or to the use of the waters of said Raft river; but avers that such rights of defendants, if any they have, to the use of the waters of said river, are subsequent in time, and inferior in right and title, to the rights of plaintiffs to the use of the waters of said river. The complaint sets forth the corporate and copartnership character of certain of the defendants; demands judgment and decree establishing the priority of the rights of plaintiffs to said water over those of defendants; prays for injunction against defendants *pendente lite,* and that, upon hearing, the same be made perpetual, and for general relief. To the complaint of plaintiffs, the defendants

who are appellants here filed their answer, denying specifically the allegations of the plaintiffs' complaint. Said defendants also allege a misjoinder of parties, in that certain other parties have or claim to have rights and interests in and to the use of the waters of the tributaries of said Raft river (it is evident that appellants mean a nonjoinder) ; and they aver that it is essential to the proper and complete adjustment of the questions presented in this case that said parties should be made parties to this action, and pray that they may be so joined. Said appealing defendants also file a cross-complaint wherein they set forth severally the rights of each to the use of the waters of said Raft river, and that the other defendants claim some interest in the waters of Raft river and its tributaries adverse to that of said cross-complainants, and that the plaintiffs also claim some interest in said waters of Raft river and its tributary, Cassia creek, adverse to said cross-complainants, and pray that the parties having or claiming to have interst in said waters of Raft river or its tributaries may be brought in and made parties to this action, and, when so brought in, they be required, upon service upon them of said cross-complaint, to set forth their several rights and interests in and to the waters of said Raft river and its tributaries, and that, upon the hearing of this action, the court determine and settle said adverse claims, and grant such injunction relief pending this action, and upon final hearing, as equity may require, and make such judgment as to costs as may seem equitable to the court, and for general relief. Other of the defendants filed answers and cross-complaints similar to that of appellants.

The bill of exceptions contains the following, it being expressly stipulated in open court by the attorneys for all the parties that all pleadings not for any reason answered to should be considered as denied as fully as if answers denying the allegations thereof specifically were on file in the cause, and it was so ordered: At the hearing as shown by the bill of exceptions, "after plaintiffs had rested their case, all of the defendants, including those defendants who were cross-complainants, united in a motion for a nonsuit, alleging various proper grounds of a nonsuit; and thereupon, after full argument and

deliberation, the court granted the motion of nonsuit, and dismissed the complaint of plaintiffs." Thereupon the defendants and cross-complainants proceeded to offer evidence in support of their said cross-complaints, and the causes of action therein set forth. Thereupon objection was raised on behalf of all the defendants to said cross-complaints to the taking of any testimony on said cross-complaints on the ground that said cross-complainants had united in the motion to nonsuit the plaintiffs, and that when the court granted that motion of nonsuit against the plaintiffs, and dismissed their complaint, that disposed of the whole litigation, and for the further reason that the cross-complaints herein are causes of action allowable under the provisions of the statutes of Idaho, which objections were sustained by the court; and thereupon the court entered a judgment of dismissal of the said cross-complaints, and each and all of them, to which said cross-complainants, and each and all of them, duly excepted. From the judgment of the district court dismissing said cross-complaints, this appeal· is taken.

The only question raised by this record is, Was the action of the district court in dismissing the cross-complaints of the appellants error? It is true, as claimed by respondents' counsel, that, as to cross-bills in equity, "the general rule is that the dismissal of the original bill carries with it the cross-bill, as the latter is ordinarily considered merely an auxiliary of and dependency on the original bill." (5 Ency. of· Pl. & Pr. 662.) But the same authority has the following: "But when the cross-bill sets up additional facts relating to the subject matter, not alleged in the original bill, and asks affirmative relief against complainant in a matter which is the subject of the original bill in the case thus made, the dismissal of the original bill does not dispose of the cross-bill, and the latter remains for disposition as if it had been filed as an original bill." (5 Ency. of Pl. & Pr. 663, and authorities cited in note 2.) And this is the rule as to cross-complaints under the code. "A cross-complaint is not affected by a dismissal of the complaint, but remains for disposition as though it were an original complaint; and this is so even although the plaintiff is nonsuited upon the motion of the defendant." (5 Ency. of Pl. & Pr. 684.)

We think the rule is uniform that relief may be had against a codefendant or any party on cross-complaint, or an answer containing a cross-complaint. (5 Ency. of Pl. & Pr. 675, note 1.) The purpose of this litigation is plain. It was to settle the rights of the various parties contending, to the waters of a certain stream. The plaintiffs institute the suit, call in numerous defendants, who set up by answer their several defenses to the action of plaintiffs, and also, by cross-complaints, set up their own claims to the waters of said stream as against each other and the plaintiffs also. The plaintiffs fail in making their case, and suffer nonsuit. We have been unable to find a single authority holding that in such a case the cross-complainants—that is, the defendants who have filed cross-complaints, and are asking affirmative relief both against the plaintiffs and their codefendants—are not entitled to have such relief in this action. The judgment of the district court is reversed, and the cause remanded for further proceedings. Costs to appellants.

Quarles and Sullivan, JJ., concur.