(February 21, 1901.)

## TAYLOR v. McCORMICK.

### [64 Pac. 239.]

APPEAL—MOTION TO DISMISS—NOTICE OF APPEAL.—An attorney, duly admitted to practice in the district court, may sign notice of appeal from that court to the supreme court, and take all necessary steps to perfect such appeal, for until such appeal is perfected the case remains in the district court.

TRANSCRIPT ON APPEAL—NUMBERING LINES IN.—Paragraph 3 of rule 27 of the rules of this court provides that the cover and first page of the transcript shall contain the title of the cause in the court below, substituting for the words "plaintiff" or "defendant" the words "appellant" or "respondent," as the case may require; and that each ten lines of the transcript be numbered and there must be a substantial compliance with said provisions.

SAME—WHAT IT MUST CONTAIN.—Only such papers as are required by the statute and rules of the court should be put in the transcript.

SUFFICIENCY OF CLERK'S CERTIFICATE TO TRANSCRIPT.—When the clerk's certificate to the transcript shows that he certified a transcript composed of forty-one pages of typewritten matter, and the transcript to which said certificate is attached is composed of fifty-six pages of printed matter, the certificate is not sufficient.

NOTICE OF APPEAL WHEN SUFFICIENT.—When the notice of appeal contains the names of all the parties to the suit, naming those who appeal as defendants and cross-complainants, and the plaintiff and

other defendants as the parties to whom said notice is addressed, and which gives the date of the judgment of dismissal, the notice is sufficient, regardless of the fact that said notice states that the judgment is in favor of the plaintiffs, when in fact it is in favor of some of the defendants.

NOTICE OF APPEAL SERVICE OF.—In the service of the notice of appeal, there must be a substantial compliance with the requirements of the statute.

BILL OF EXCEPTIONS—DEMURRER.—Under the provisions of section 4427 of the Revised Statutes, it is not necessary to have the order sustaining or overruling a demurrer embodied in a bill of exceptions to have it reviewed in appeal. If the action of the court in that regard is shown by the record and files it may be reviewed on appeal.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Samuel H. Hays, for Appellants, cites no authorities upon the matters decided by the court.

Hawley & Puckett, for Respondents, Sweetser Brothers and Pierce, James B. Hitt and Raft River Land and Cattle Company.

Our first ground for dismissal is that neither the transcript nor the notice of appeal herein is signed by an attorney of this court. We urge that no person, even though he be an attorney in practice in another state, can appear as an attorney in this court without first being admitted to practice herein. (Idaho Rev. Stats., sec. 3990 et seq.; Weeks on Attorneys at Law, sec. 43, note 3; *Thorn v. Lawson,* 6 Tex. 240; *Cobb v. Judge,* 43 Mich. 289; *Robb v. Smith,* 4 Ill. 46.) Every court of record has the inherent power, irrespective of statute, to make rules for the transaction and regulation of its business. (8 Am. & Eng. Ency. of Law, p. 29, note 5.) In this state the right of courts of record to make rules is distinctly recognized by statute. (Rev. Stats., secs. 3863, 3864.) The court, equally with suitors, is bound by its rules, and they must be construed as statutes are construed. (*Hanson v. Mc-Cue,* 43 Cal. 178; 3 Am. & Eng. Ency. of Law, p. 31, note 3; *Thompson v. Hatch,* 3 Pick. 512; *Treishel v. McGill,* 28 Ill.

App. 28.)    Where the transcript fails to show a compliance with the statutes of rules of this court in the matter of appeals, the appeal will be dismissed. (*Pence v. Lemp,* 4 Idaho, 526, 43 Pac. 75; *Hattabaugh v. Vollmer,* 5 Idaho, 23, 46 Pac. 831; *Penny v. Nez Perces Co.,* 4 Idaho, 642, 43 Pac. 570.)    The next complaint we make in regard to the transcript is failure to comply with paragraph 5 of said rule 27, by the insertion in the transcript of the summons, affidavit of service of summons, original answer and cross-complaint, and dismissal of action and bill of exceptions in a former appeal herein, together with the remittitur of this court and what is called a "Decree of Dismissal."    These several documents, we urge, are not properly a part of the transcript, and not part of the judgment-roll under section 4456 of the Revised Statutes. The notice of appeal is deficient also in not being directed to the adverse parties, so far as the other defendants are concerned as defendants in the action. (*Neppach v. Jordan,* 13 Or. 246, 10 Pac. 341.)

SULLIVAN, J.—This suit was brought by Thomas Taylor and C. S. Hadfield against R. C. McCormick and twenty-one others to determine and settle plaintiffs' priority to the use of the waters of Raft river.    The defendants answered, and certain of them filed cross-complaints, and asked for affirmative relief against the plaintiffs and certain of the defendants. The plaintiffs were nonsuited.    Thereupon, on motion of some of the defendants, the cross-complaints of the other defendants were dismissed.    From the judgment of dismissal an appeal was taken to this court.    This court reversed said judgment, and held that the cross-complainants should have been heard upon their cross-complaints against the other defendants. (See *Taylor v. Bartholomew,* 6 Idaho, 500, 56 Pac. 325.) The cause was remanded and tried, and resulted in a judgment of dismissal, and this appeal is from that judgment.

Counsel for respondents moved to dismiss the appeal on the following grounds, to wit:

1. That neither the transcript nor notice of appeal is signed by an attorney of this court.    The transcript is not required to

be signed at all.   The notice of appeal is signed by O. R. Hale,
an attorney duly admitted to practice in the district court in
which this  action was tried, and  as such attorney  he could
legally sign the notice of appeal, and could take all steps neces-
sary to perfect an appeal to this court; for, until the appeal
was perfected, the case was in the trial court.

2. That the transcript does not comply in a number of parti-
culars (which are pointed out) with the requirements of para-
graph 3 of rule 27 of the rules of this court.  (32 Pac. x.)
Said paragraph requires the cover and first page of the tran-
script (among other things) to contain the title of the cause in
the court below, substituting for the words "plaintiff" or "de-
fendant" the words "appellant" or "respondent," as the case
may require; also the names of counsel for appellant and re-
spondent.   Those requirements are not complied with in any
particular.   From the cover and first page it cannot be ascer-
tained who are appellants or respondents, nor who are the at-
torneys for appellants or respondents.   On the cover we find
the names of seven attorneys marked  "attorneys for defend-
ants."   On the oral hearing of the case this court was informed
that some of the attorneys marked for the defendants were for
the appellants and some for the respondents.   Said paragraph
also require that the papers making up the transcript must be
chronologically inserted, as indicated by the date of the filing,
which was not done.   It also requires that each ten lines of the
transcript be numbered on the left margin of the page from the
commencement to the end.   Each paper composing the tran-
script is numbered, beginning with the  number ten, and we
have as many number ten's in the transcript as there are docu-
ments in it.   No regard whatever was had for the provisions of
said paragraph of rule 27 in the printing of the transcript.

3. It is contended that a number of papers have been in-
serted in said transcript that are no part of the transcript on
appeal in this case.   On an examination of the transcript we
find that contention fully sustained.   The sections of the
statute upon that subject specify the papers or documents
which the transcript on appeal must contain, and only those
should be put into it.

4. The last document contained in the transcript is entitled "Assignment of Error," and it is not shown that it had been filed in this case. It evidently was inserted without being filed in the trial court.

5. That the transcript is not certified as correct either by the clerk or by the attorneys, as required by paragraph 9 of rule 27. (32 Pac. xi.) On an examination of the certificate made by the clerk, we find that he certifies in part as follows, to wit: "Do hereby certify that the hereto attached forty-one (41) pages and part of pages of typewritten matter, including title page and index, contains," etc. The transcript in this case is composed of fifty-six pages of printed matter, while the one certified by the clerk contained forty-one pages of type-written matter. After the transcript is printed, if the clerk is called upon to certify it, it is his duty to compare the printed copy with the original, and, if it is correct, to certify it. His certificate to the typewritten transcript is not a sufficient certification of the printed transcript. Printers sometimes make mistakes, and it is the duty of the clerk, when called upon to certify a transcript, to see that it is correct so far as copies of the papers it contains are concerned. The certificate is not sufficient.

6. That no proper notice of appeal was filed or served in this case. The cause, so far as the plaintiffs were concerned, had been dismissed as to them, and there remained for disposition the issues made between the defendants by their cross-complaints, and thereon the court entered a judgment of dismissal, from which judgment this appeal was intended to be taken. Said judgment of dismissal, as to the cross-action, was made April 20, 1900, and the notice of appeal states that certain defendants (naming them) appeal to the supreme court from the "decree of dismissal of cross-complaint therein, made and entered in the district court on the twenty-first day of April, 1900, in favor of the plaintiffs and against the said defendants in this action, and from the whole thereof." It will be observed that the appeal is from a judgment in favor of the "plaintiffs" and against the "defendants," while, as a matter of fact, the contest was between defendants only, as the case had

theretofore been dismissed as to the plaintiffs. The judgment was one of dismissal in favor of some of the defendants as against other of the defendants who cross-complained. While the notice of appeal is defective as to form, we do not think that defect has affected the substantial rights of the respondents. Hence, under the provisions of section 4231 of the Revised Statutes, that defect must be disregarded by this court.

7. It is urged that the service of the notice of appeal was fatally defective in that it was not served upon K. I. Perky or H. S. Hampton, attorneys representing certain of the defendants, or upon J. C. Rogers, attorney for the plaintiffs. It is shown by affidavit of O. R. Hale that said attorneys, Hampton and Rogers, informed him at the time he offered to serve the notice of appeal on them that they were no longer connected with said case, and requested said Hale to serve said notice upon the plaintiffs, which he did; and it is in like manner shown that said Perky did not appear for either party to said suit. An amended affidavit of service of notice of appeal has been filed in this court that cures the other defects mentioned in said motion. It evidently was an error in placing the names of said attorneys upon the cover of the brief of appellants, but, as the persons named were no longer attorneys in the case, it was not necessary to serve the notice of appeal on them.

8. The last objection made to the transcript is the failure to bring this appeal here by bill of exceptions. It is contended that this is an appeal from a judgment of dismissal, and in that case a bill of exceptions is necessary to enable this court to review the ruling on the demurrer to the cross-complaint upon which the judgment of dismissal was based. There is nothing in this contention, as section 4427 of the Revised Statutes, provides, among other things, that an order sustaining or overruling a demurrer is deemed excepted to, and need not be embodied in a bill of exceptions; but the same, appearing in the record and files, may be reviewed upon appeal as though settled in a bill of exceptions. There must be a substantial compliance with statute and rules of this court in the preparation of the transcript on appeal, but in this case there has been such an utter disregard of those requirements that

the·motion to dismiss must be sustained, and it is so ordered. However, the appeal is dismissed without prejudice. Costs of this appeal are awarded to respondents.

Quarles, C. J., concurs.

Stockslager, J., took no part in the hearing or decision of the case.