(No. 5321. January 8, 1930.)

VIVIAN F. BALDWIN and E. R. BALDWIN, Respondents, v. SINGER SEWING MACHINE COMPANY, a Corporation, and ED ANDERSON, Appellants.

[284 Pac. 1027.]

Martin & Martin and H. B. Walker, for Appellants.

James F. Ailshie, Jr., and J. R. Smead, for Respondents.

T. BAILEY LEE, J.—Defendants appealed from both the judgment and order denying their motion for new trial. Plaintiffs and respondents have moved diminution of the record, suggesting that there should be incorporated therein three papers filed in the trial court, to wit, a request for the medical examination of plaintiff, a motion for such examination, and a stipulation that a physical examination of plaintiff be had. Defendants have moved to strike said motion from the files, together with its supporting affidavit

and exhibits, the latter consisting of copies of the papers aforementioned.

The affidavit charges that the trial judge considered such papers in denying the motion for new trial, quoting as evidence thereof an excerpt from the court's written opinion. The only part of the excerpt that is possibly germane is the recitation that ''Defendants were given the opportunity to have their own doctors examine the plaintiff, and they did so, but gave no evidence on the trial.'' The written opinion of the trial judge is no part of the record, and is not before us. (*Corker v. Cowen,* 30 Ida. 213, 164 Pac. 85.) Even if it were, it would merely show knowledge on the part of the trial judge that such papers as are here sought to be supplied had been filed; and these papers had no probative effect on the merits whatever.

What shall constitute the record on appeal is purely dependent upon statute. The sections of the statutes upon the subject of appeal specify the papers or documents which the transcript on appeal must contain; and only those should be put in. (*Taylor v. McCormick,* 7 Ida. 524, 64 Pac. 239; *Williams v. Boise Basin M. Co.,* 11 Ida. 233, 81 Pac. 646.) When papers are not contained in a bill of exceptions or reporter's transcript and are no part of the judgment-roll, they are not properly a part of the transcript on appeal, and should be stricken out. (*King v. Seebeck,* 20 Ida. 223, 118 Pac. 292.)

C. S., sec. 7163, enumerating the integral constituents of the record on appeal from a final judgment requires that there be furnished a copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or reporter's transcript settled, and of all papers, records and files designated in the *praecipe.*

C. S., sec. 6892, prescribing the record on appeal from orders granting or denying motions for new trial, is as follows:

''The judgment-roll and the affidavits, or the records and files in the action, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record

to be used on appeal from the order granting or refusing a new trial, unless motion be made on the minutes of the court, and in that case the judgment-roll and a reporter's transcript prepared in the manner prescribed by section 6886 of these codes, with a copy of the order, shall constitute the record on appeal.''

And C. S., sec. 6901 declares that the judgment-roll shall contain ''the pleadings and a copy of the verdict and findings of the court or referee, a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment.'' None of these statutes makes place for the papers submitted by respondents.

That they played no part in the trial judge's decision on the motion for new trial, appears from his certificate that he considered all the records and files of said cause as contained in the judgment-roll therein as provided for in C. S., sec. 6901, as well as all the evidence and exhibits offered and introduced, all instructions requested or given and refused by the court upon the trial of said cause, and defendants' notice of intention to move for a new trial, and the motion thereon; and that the same constituted all the records, files and papers submitted to or considered by said judge on said hearing.

If this certificate was erroneous, correction should have been sought below. It cannot first be questioned here; and is, therefore, final and conclusive. Motion denied.

Givens, C. J., and Wm. E. Lee and Varian, JJ., concur.

Budge, J., took no part.