(No. 6521.   June 2, 1938.)

STATE   ex   Rel.   BEN   DIEFENDORF,   Respondent,   v.
IDAHO   EGG   PRODUCERS,   a   Cooperative   Marketing
Corporation,   Appellant.

[80 Pac. (2d) 28.]

Richards & Haga and Walter Griffiths, for Appellant, cite
no authorities on points decided.

J. W. Taylor, Attorney General, and R. W. Beckwith,
Assistant Attorney General, for Respondent.

MORGAN, J.—This action was commenced by the State of Idaho, on relation of its tax commissioner, against Idaho Egg Producers, a cooperative marketing corporation. The purpose of the action is disclosed by the complaint, wherein it is alleged:

"IV. The question to be determined here is this: Is a sale of tangible personal property by the defendant corporation organized under Chapter 20, Title 22, Idaho Code Annotated, as amended, when made to a member of the corporation in pursuance of the purposes of its organization at retail subject to sales tax?"

The prayer of the complaint is as follows:

"WHEREFORE, plaintiff prays that this honorable court make and enter its declaratory judgment affording to the parties hereto a definite answer to the following interrogatory:

"Are sales by defendant Idaho Egg Producers, a cooperative marketing association, made to its members at retail subject to the tax imposed by Chapter 12, First Extraordinary Session Laws of 1935?"

The following appears in the answer:

"IV. Defendant denies that the question set forth in paragraph four of plaintiff's complaint is a question to be determined by the above entitled court in the above entitled cause, and denies that the question set forth in paragraph four of plaintiff's complaint, is, or at any time has been, in controversy, or the subject of controversy between plaintiff and defendant, and denies that defendant has at any time contended or maintained that 'a sale of tangible personal property by the defendant corporation organized under Chapter 20, Title 22, Idaho Code Annotated, as amended, when made to a member of the corporation in pursuance of

the purposes of its organization at retail' is not 'subject to sales tax.' And, denies all and each of the allegations contained in paragraph four of plaintiff's complaint.''

It is stated in the judgment:

''There can be no question that the answer to the interrogatory propounded to the Court in the complaint is, yes. On this point there is no controversy and defendant also says that the answer should be, yes.''

It appears from the record that the controversy between the parties is not as to whether sales of tangible, personal property made by appellant to its members, pursuant to the purposes of its organization, were taxable, but is as to whether certain transactions between it and its members were sales. The real question in controversy was not submitted to the court by the complaint.

Respondent filed a motion to dismiss the case which was based, in part, upon the following:

''Upon the further grounds and for the further reasons that any judgment or decree that might be entered under the pleadings in the above entitled cause, would not, and could not, terminate the uncertainty or alleged controversy giving rise to this proceeding, and

''Upon the further ground and for the further reason, that this proceeding can accomplish no other purpose than to split up a single cause of action into numerous parts in contravention of the laws of the State of Idaho, and can accomplish no purpose other than an unauthorized multiplicity of suits.''

When the case was called for trial, respondent urged the motion to dismiss and the judge reserved his ruling thereon. Appellant objected to evidence offered on behalf of respondent on the ground, among others, that there was no issue presented in the case for determination and, at the close of testimony on behalf of respondent, moved for a nonsuit on the grounds stated in the motion to dismiss and in the objection to the introduction of evidence. The denial of the motion to dismiss and the overruling of appellant's objections to the introduction of evidence and the action of the court in entering judgment in favor of respondent and against appellant are assigned as error.

The question propounded to the court by the complaint was not in controversy between the parties. The real controversy, as heretofore pointed out, is as to whether the transactions between appellant and its members constituted sales of tangible, personal property within the meaning of the sales tax law. That issue was not tendered by the complaint.

Idaho Session Laws 1933, chapter 70, section 6, page 114, is as follows:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

In *State v. State Board of Education*, 56 Ida. 210, 217, 52 Pac. (2d) 141, 144, we said:

"The Declaratory Judgment Act (chap. 70, 1933 Sess. Laws) contemplates some specific adversary question or contention based on an existing state of facts, out of which the alleged 'rights, status and other legal relations' arise, upon which the court may predicate a judgment 'either affirmative or negative in form and effect.' " (See, also, *Whitney v. Randall*, 58 Ida. 49, 70 Pac. (2d) 384.)

The judgment is reversed with direction that the action be dismissed. Costs are awarded to appellant.

Ailshie, Budge and Givens, JJ., concur.