(No. 6744.   February 23, 1940.)

SARAMAE STEARNS, a Minor, by ARTHUR J. STEARNS,
Her Guardian ad Litem, Appellant, v. RICHARD L.
GRAVES, RAY V. CHISHOLM and GREAT LAKES
CASUALTY COMPANY, of Detroit, Michigan, a Cor-
poration, Respondents.

[99 Pac. (2d) 955.]

S. T. Schreiber, for Appellant.

Hawley & Worthwine, for Respondents.

HOLDEN, J.—March 13, 1938, respondent Great Lakes Casualty Company, a corporation, issued an automobile accident insurance policy to respondent Richard L. Graves for a term of one year. The policy covered a Buick sedan owned by Graves. October 21, 1938, at about 8:45 P. M., respondent Ray V. Chisholm, while driving the Graves automobile down Overland Avenue in Boise City, accompanied by respondent Graves, ran into plaintiff Saramae Stearns, a minor, striking her with the left front fender, allegedly cutting her abdomen, breaking her leg, and otherwise injuring her. Following the accident this action was commenced by Arthur J. Stearns, her guardian *ad litem,* against Chisholm and Graves, to recover damages alleged to have been thereby sustained, the Great Lakes Casualty Company being joined with Graves and Chisholm as a defendant.

It seems the respondents filed a special demurrer to the original complaint and that the trial court sustained it; but however that may be, on July 8, 1939, an amended complaint was filed in which it was alleged:

"That on the twenty-first day of October, 1938, at about 8:45 P. M., on said day, while plaintiff was carefully walking on Overland Avenue, a thorough-fare on the southernly side of Boise City running westernly from Vista Avenue, at a point directly opposite from the residence of George Wilcomb where the thorough-fare is perfectly straight and level, and an oil surface for a long distance and where, from the time of its construction, pedestrians and school children have been accustomed to use the same as a footpath leading to and from the residences to the school at a distance situated on said highway, and of which defendants knew and were fully familiar, having traveled thereon frequently, and at the said time and place by their joint acts of gross carelessness, negligence, and recklessness, Richard L. Graves, owner of a Buick sedan, license 1A–7, registered in his name, driven by Ray V. Chisholm, his agent, employee, servant, and chauffeur, and operating the same with the owner's consent, and within the scope of his employment and authority, accompanied by the defendant, Richard L. Graves, who acquiesced and consented in such operation which was willful and at dangerous speed, wanton and in disregard of the rights or safety of others, and without due caution and circumspection, and at speed endangering persons and property, disregarding traffic, so negligently and recklessly managed, and violently did then and there hit and strike the plaintiff and collided with her by striking her with great force with the front left fender, violently cutting and bursting open her abdomen, disemboweling her, breaking her leg, bruising her body, and crippling her, permanently injuring, and lacerating her face, and disfiguring her for life, and violently and with great force throwing her to the pavement causing her to suffer intense bodily pain and mental anguish; that the defendant Richard L. Graves was riding in the seat with the defendant Ray V. Chisholm at said time and could have by the exercise of reasonable care and diligence foreseen the imminent peril of plaintiff and avoided the accident; plaintiff unaware of the rapid and dangerous approach of the big and heavy automobile, running noiselessly, and at high speed, and defendants not having given any signal or warning, as was their duty, by blowing the horn or other warning, and failed to keep a

lookout ahead for pedestrians, and failed to stop before hitting plaintiff; plaintiff was entirely innocent of contributory negligence on her part, and the injuries sustained by her were wholly due and caused by the defendants' acts, and were the approximate cause and direct result of defendants not having due caution and not having said automobile under control, and thereby damaged plaintiff in the sum of Fifteen Thousand Dollars ($15,000.00)."

The issuance of the accident policy, as aforesaid, was also alleged and a copy thereof attached to and made a part of the amended complaint. The pertinent provisions of the policy follow:

"Great Lakes Casualty Company, in consideration of the payment of the premium and of the Statements forming a part hereof, and subject to the Conditions, Limitations and Agreements hereinafter contained, does hereby agree:

"I. A. To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon the Insured by law for damages, . . . ."

"VII. The Insolvency or Bankruptcy of the Insured shall not relieve the Company from any payment otherwise due hereunder, and, in case execution against the Insured is returned unsatisfied because of such insolvency or bankruptcy, the judgment creditor shall have a right of action against the Company under the terms of the policy to recover the amount of the judgment in said action not exceeding the limits specified in the policy."

" . . . .

" . . . . No action, singly or jointly, by the Insured, the injured or any other, shall lie against the Company to recover upon any claim or for any loss under this policy unless brought after and within two years of the date upon which the amount of such claim or loss shall have been fixed (*sic*) and rendered certain either by judgment against the Insured after trial of the issue or by agreement between the parties with the written consent of the Company."

Respondent Great Lakes Casualty Company (hereinafter called the Casualty Company) moved to strike from the

amended complaint all matter in any way concerning it, including that part of the title of the cause reading: "and Great Lakes Casualty Company of Detroit, Michigan," upon the ground it was sham, irrelevant and redundant. It also moved that plaintiff be required to separately state in different counts the alleged cause of action for the recovery of damages and the alleged cause of action upon the contract of insurance, upon the ground the alleged causes of action were improperly commingled. Respondents Graves and Chisholm jointly so moved and jointly interposed a general and special demurrer to the amended complaint. The Casualty Company also interposed a general and special demurrer. The demurrers of the three respondents were substantially the same. The grounds of the special demurrers, so far as material here, were: (1) That an action (*ex contractu*) on the insurance contract was improperly united with an action (*ex delicto*) to recover damages; (2) that respondent Casualty Company was improperly joined as a party defendant; (3) that the amended complaint is unintelligible in certain particulars hereinafter discussed. The trial court granted the motion of respondents to strike "all references, both in the title and body of the complaint, to the defendant, Great Lakes Casualty Company." It also sustained the special demurrer of respondents Graves and Chisholm and gave appellant twenty days within which to file a second amended complaint. She refused to plead further. Thereafter, on August 8, 1939, judgment of dismissal was rendered and entered, from which plaintiff appeals.

We will first consider and determine whether the trial court erred in deciding an action *ex contractu* cannot be joined with an action *ex delicto* and that the Casualty Company could not be joined as a party defendant, in that if we reach the conclusion it did not err, it will not be necessary to determine whether the court erred in granting the above mentioned motions.

Section 5–606, I. C. A., provides:

"The plaintiff may unite several causes of action in the same complaint, where they all arise out of: 1. Contracts, express or implied. 2. ....3. ....4. ....5. ....6. Injuries to person. 7.....

"With the exception of the causes of action specified in subdivision seven last preceding, the causes of action so united must all belong to one only of these classes, and must affect all the parties to the action and not require different places of trial, and must be separately stated; . . . . "

And section 5-607, I. C. A., provides:

"The defendant may demur to the complaint within the time required in the summons to answer, when it appears on the face thereof, either: 1. . . . .2. . . . .3. . . . .4. That there is a defect or misjoinder of parties, plaintiff or defendant; or 5. That several causes of action have been improperly united; . . . . "

As to what actions can or cannot be united in the same complaint is not a new question in this jurisdiction. Some 35 years ago one Kruger brought an action against the St. Joe Lumber Company (*Kruger v. St. Joe Lumber Company*, 11 Ida. 504, 83 Pac. 695) "to recover damages for waste committed on appellant's (Kruger's) land, damages for personal injuries, damages for injuries to his property, and damages for loss of time, etc." The Kruger complaint contained but one count, and the several causes of action were not separately stated, as in the case at bar. The Lumber Company demurred to the complaint upon the ground that several causes of action were improperly joined and that there was a misjoinder of parties defendant. The trial court sustained the demurrer, Kruger declined to amend, and the court entered judgment. dismissing the action. In passing upon these questions it was necessary to, and this court did, construe section 4169, R. C. (now sec. 5-606, *supra*). In the course of interpreting the section, we said:

"The provisions of that section [Section 5-606, *supra*] are too plain to require construction or interpretation. Under its provisions, the plaintiff may unite several causes of action in the same complaint where all of such causes belong to either one of the seven classes therein mentioned, and is prohibited from uniting in the same complaint, causes of action arising under the different classes or not coming within any one of said classes. The several causes of action mentioned in the complaint come or fall within the second, sixth and seventh classes mentioned in said section, to-wit: 2.

Claims for waste committed on real property; 6. Injuries to person; 7. Injuries to property. In the complaint before us (1) damages are demanded for an assault upon the appellant; (2) for injury to growing crops; (3) for trespass in cutting appellant's timber; (4) for injury to appellant's land; (5) for obstructing appellant's boat landing; (6) for loss of dead timber, and time, etc. Under the provisions of said section, an action for waste on real property cannot be united with an action for damages for an assault; and an action for injuries to property cannot be united in the same complaint for damages for injuries to the person. Said section provides that causes of action united in the same complaint must all belong to only one of said seven classes, and must affect all of the parties to the action, and must be separately stated. As said causes of action belong to different classes, they cannot be united in the same complaint, and the complaint fails to comply with the requirements of said section. Whatever may be the liberality claimed for our present practice act, it certainly cannot be extended to such a misjoinder of causes of action as this complaint contains; and the allegations of the complaint fail to allege or show the relations of the defendants to each other in the commission of the acts complained of.''

Appellant, in the instant case, united in her amended complaint an action based on an insurance contract, falling within the first class mentioned in section 5–606, *supra,* with an action to recover damages for personal injuries, falling within the sixth class mentioned in that section, but did not allege the Casualty Company committed any act of negligence causing her any personal injuries whatsoever, nor did she allege the Casualty Company had anything whatever to do with the alleged negligent operation of the Buick car by respondent Chisholm. Appellant, nevertheless, contends that notwithstanding the provisions of section 5–606, *supra,* her alleged cause of action on the insurance contract may be united under section 28–102, I. C. A., with her alleged cause of action for damages, and that the Casualty Company can be joined as a party defendant with respondents Graves and Chisholm, under section 5–313, I. C. A.

Section 28–102, *supra,* provides:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

But appellant does not bring herself within section 28–102, in that the insurance contract was not "made expressly for" her benefit. It was made for the express benefit of respondent Graves and not for the *express* benefit of any other person whomsoever. Furthermore, the contract which appellant pleads and upon which she relies provides that no action shall lie against the Casualty Company on any claim or for any loss until the "amount of such claim or loss shall have been fixed (*sic*) and rendered certain either by judgment against the insured [respondent Graves] after trial of the issue or by agreement between the parties with the written consent of the Company." The insured and the Casualty Company could legally so contract. The contract makes it a condition precedent to the commencement of an action against the Casualty Company that the amount of any claim or loss shall first be fixed and rendered certain either by judgment against the insured or by agreement between the parties with the written consent of the Casualty Company. Appellant cannot demand the advantages of the contract and refuse to be bound by the disadvantages, nor can we nullify the above quoted provisions of the contract which, it must be conceded, the parties had a right to make.

Section 5–313, *supra,* reads:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein. . . . . "

This section and sections 5–606 and 5–607, being *in pari materia,* must be construed together. By the enactment of section 5–606, *supra,* the legislature provided what actions may be united in a complaint, and by the enactment of section 5–607, *supra,* it provided that where there is a misjoinder of parties the complaint can be demurred to on that ground, thus providing a speedy remedy by demurrer in any instance where, for example, there is a misjoinder of a party defendant

in violation of the applicable provisions of section 5–606, *supra*. In the case at bar the misjoinder arises by reason of the fact that appellant united in her complaint an action on the insurance contract with an action in tort against respondents Graves and Chisholm, and joined the Casualty Company as a defendant. Unquestionably, under section 5–313, *supra,* any person who has or claims an interest in a controversy adverse to a plaintiff may be made a defendant in a proper action, but that does not authorize a plaintiff to unite in a complaint an action *ex contractu* with an action *ex delicto*—if it did, the result would be the nullification of subdivisions one and six, as well as that part of subdivision seven of section 5–606, *supra,* above quoted. Of course, the legislature did not intend that. What it did intend by the enactment of section 5–313, *supra,* was simply this: That any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein, either where only one cause of action is alleged in the complaint, or where two or more causes of action are alleged and they all fall within and belong to one only of the classifications mentioned in section 5–606, *supra,* or where injuries to the person and to personal property arise out of the same transaction or occurrence.

We conclude the trial court did not err in deciding an action *ex contractu* cannot be united in a complaint with an action *ex delicto,* and that the Casualty Company was improperly joined as a party defendant.

That brings us to a consideration of the question as to whether the trial court erred in sustaining the special demurrer of respondents Graves and Chisholm upon the ground of the uncertainty of the amended complaint. It is alleged in the special demurrer the amended complaint is uncertain in the following particulars: That it cannot be ascertained therefrom what rate of speed the car was traveling at the time of the accident nor what acts the respondents committed which are alleged to constitute "driving at dangerous speed, wanton and in disregard of the rights or safety of others, and without due caution and circumspection"; nor

of what the alleged "gross carelessness, negligence, and reck-lessness" consisted; nor what part of the road nor in what direction appellant was walking at the time of the accident; nor what respondent Graves failed to do which constituted a lack of exercise of reasonable care and diligence; nor what appellant is attempting to allege in that part of her com-plaint averring that her injuries "were wholly due and caused by the defendants' acts, and were the approximate cause and direct result of defendants not having due caution and not having said automobile under control"; nor what appellant means by "due caution"; nor in what particulars Graves and Chisholm failed "to have due caution"; nor what is meant by "not having said automobile under control"; nor in what particulars respondents did not have the automo-bile under control.

As will have been observed, the amended complaint alleges negligence generally. The special demurrers thereto, upon the above stated grounds, present the question as to whether general allegations of negligence are sufficient when chal-lenged by special demurrer or whether the particular acts or omissions constituting the negligence must be pleaded, it being conceded by respondents the complaint is sufficient as against a general demurrer. This court had that identical question under consideration in *King v. Oregon Short Line Ry.*, 6 Ida. 306, 55 Pac. 665, 59 L. R. A. 209. In that case, as in the case at bar, negligence was alleged generally, as follows:

" 'That the defendant, by its agents and servants, not re-garding its duty in that respect, so carelessly and negligently ran and managed its locomotives and cars that the same ran against, upon, and over said steer, and killed and destroyed the same to the damage of the plaintiff . . . . ' "

In discussing the sufficiency of those general allegations the court said:

"There is but one question presented by the record, and that is: In actions based on negligence, it is sufficient to plead negligence generally, or must the specific acts of com-mission or omission be specifically set out in the complaint?"

In answering the question the court reviewed authorities holding general allegations of negligence are sufficient, as well as those holding general allegations are not, saying:

"We are aware that there is very respectable authority which holds that a general allegation of negligence is sufficient, and that at common law it was not necessary, in a declaration for negligence, to set out the facts constituting the negligence. But our Code of Civil Procedure has greatly changed the common-law rules of pleading, and requires the facts constituting the cause of action to be set forth in ordinary and concise language. And in the case at bar facts sufficient should have been set forth to inform the defendant what act or omission constituted the negligence complained of." (To the same effect: *Younie v. Blackfoot L. & W. Co.,* 15 Ida. 56, 96 Pac. 193; *Osborn v. Carey,* 24 Ida. 158, 132 Pac. 967.)

And as was further well said:

"If certain facts must be shown before negligence will be presumed, the plaintiff must know these facts before he can show them; and, if he knows them he certainly can allege them, and thus inform the defendant of the specific facts from which the conclusion of negligence is drawn."

Appellant having failed to plead the particular acts of commission or omission constituting negligence, as required by the rule announced in the King case (and adhered to ever since), it follows the trial court did not err in sustaining the special demurrer to the amended complaint.

On this appeal the case at bar was presented by all the parties upon the assumption the trial court passed upon the general demurrers and the above mentioned special demurrer of respondent Casualty Company, and we have accordingly discussed and passed upon the questions raised by such special demurrer; but, as a matter of fact, while the trial court ruled upon the special demurrer of respondents Graves and Chisholm, based upon the same grounds, it did not pass upon either the special demurrer of the Casualty Company or the general demurrers, as shown by the following order:

"In this case the Defendants Motion to Strike and the Demurrers to the amended complaint having been heretofore

taken under advisement the Court at this time renders its decision and sustains the special demurrers of defendants Graves and Chisholm, granting Counsel for plaintiff 20 days to file 2nd amended complaint, and grants the defendants' motion to strike all references both in title and body of the complaint as to the Great Lakes Casualty Co.''

While it might be inferred from the memorandum opinion of the trial court (included in the transcript) that the above mentioned general demurrers as well as the special demurrer of the Casualty Company were passed upon, such memorandum opinion is not properly a part of the record on appeal (sec. 11–212, I. C. A.; *North Robinson Dean Co. v. Strong*, 25 Ida. 721, 139 Pac. 847; *Corker v. Cowen*, 30 Ida. 213, 164 Pac. 85; *Baldwin v. Singer Sewing Machine Co.*, 48 Ida. 596, 284 Pac. 1027; *Clark v. Clark*, 58 Ida. 37, 41, 69 Pac. (2d) 980; *Geist v. Moore*, 58 Ida. 149, 157, 70 Pac. (2d) 403); therefore, the above quoted order is controlling.

No order having been entered by the trial court sustaining the Casualty Company's special demurrer to the amended complaint upon the grounds an action (*ex contractu*) on the insurance contract was improperly united with an action (*ex delicto*) in tort, and that it (the Casualty Company) was improperly joined as a party defendant to the latter action, the judgment dismissing the Casualty Company was premature; hence, the judgment of dismissal is reversed, and the cause remanded with directions to the trial court to enter an order overruling the joint general demurrer of respondents Graves and Chisholm to the amended complaint, and an order sustaining the special and general demurrer of the Casualty Company, and having done that, enter judgment of dismissal as to it, and then give appellant twenty days within which to file a second amended complaint. Costs awarded to appellant.

Ailshie, C. J., and Givens, J., concur.

MORGAN, J., Concurring.—I concur in the foregoing decision, with the exception of that part thereof which directs the

demurrer of the casualty company be sustained. The order of the trial judge striking all reference to the casualty company from the complaint leaves nothing for its demurrer to act upon.

Petition for rehearing denied.